## MUTUAL RESERVE FUND LIFE ASS'N v. DU BOIS.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1898.)

No. 392.

1. APPEAL—REVIEW—SPECIAL FINDINGS—STATEMENT OF FACTS.

In an action on a policy of life insurance, which was submitted upon an agreed statement of evidential facts from which ultimate facts were to be found, the trial court determined that a notice of assessment was insufficient, under the state laws, but made no special finding as to when the notice was served, what it contained, or to which of several classes of insurance companies provided for by the state laws the defendant belonged. Held, that since the statement of facts amounted to a mere report of the evidence, which could not, on proceedings in error, be examined in order to determine the law applicable thereto, the record, in the absence of a special finding of facts, presented no question for the determination of the appellate court. Raimond v. Terrebonne Parish, 10 Sup. Ct. 57, 132 U. S. 192, followed.

2. SAME—ASSIGNMENT OF ERROR—OPINION OF COURT.

Since the opinion of the trial court is no part of the record, assignments of error directed to such opinion will not be considered on review.

In Error to the Circuit Court of the United States for the Central Division of the District of Idaho.

I. B. L. Brandt, for plaintiff in error.
Alfred A. Fraser, for defendant in error.

Before GILBERT and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an action by J. K. Du Bois, as administrator of the estate of Edward J. Curtis, deceased, against the Mutual Reserve Fund Life Association, a corporation organized and existing under the laws of the state of New York, to recover the amount due upon a policy of insurance issued to Edward J. Curtis during his lifetime. A jury was waived, and the case was tried upon an agreed statement of facts. The court below gave judgment in favor of the plaintiff (defendant in error here) for the full amount of the policy, to wit, $6,000, with interest thereon at 10 per cent. per annum from February 10, 1896, amounting in all to the sum of $6,530 and costs. The defendant thereupon sued out this writ of error.

The defendant in error has interposed a motion to dismiss the writ of error, because there is no proper or legal bill of exceptions in the record. In the view we take of the failure of the record to present any question for our consideration, it will be unnecessary to consider this point.

The case was tried in the court below upon an agreed statement of facts, and this statement has been incorporated into the record as part of the bill of exceptions. The statement sets forth, in substance, that the defendant is a corporation organized under and by virtue of the laws of the state of New York, and engaged in the business of writing life insurance and making contracts insuring the lives of its patrons in the state of New York and in the state of Idaho; that on the 7th day of July, 1889, it insured the life of Edward J. Curtis in the sum of $6,000, and issued to him the policy of insurance set forth in plaintiff's complaint; that on the 29th day of December, 1895, at Boisé City, in Ada county, Idaho, Edward J. Curtis died, without leaving a will; that on January 27, 1896, J. K. Du Bois was appointed by the probate court of Ada county, Idaho, administrator of the estate of said Edward J. Curtis, deceased; that thereafter Du Bois qualified as such administrator, and is still such administrator; that the death of Curtis was not caused by his own hand, or by the effect of engaging in any duel, or any violation of the law, or at the hands of justice; that he did not enter the military service, or any naval service, company, or regiment, when in actual service or otherwise, during his lifetime, or since the issuing to him of said policy of insurance; that on or about February 4, 1896, the plaintiff informed the defendant of the death of said Curtis, and defendant denied all liability whatsoever on or under said contract of insurance; that the defendant has not paid the sum of $6,000, as called for in said policy of insurance, nor any part thereof; that the said Edward J. Curtis and the plaintiff, and each of them, duly performed all the conditions of said policy of insurance on their part to be performed, except that Curtis failed to pay an assessment or mortuary call or premium, known as "Mortuary Call Number 68," in the sum of $33.96, which became due according to the terms of said

policy of insurance on the 1st day of July, 1893, and that the same has not been paid by said Curtis, or any other person or persons for him, and that said nonpayment was not condoned or acquiesced in by the defendant; that other assessments, mortuary calls, and premiums have become due and payable since the said mortuary call No. 68, but none of them have been paid; that one Bennett W. T. Amsden would testify in said action, if present, to the facts set forth in his affidavit; that the same, with the exhibits thereto attached, may be admitted in evidence, so far as it (said statement) is relevant and competent under the pleadings in this action, and shall constitute a part of the agreed statement of facts. The affidavit of Amsden is attached. It sets forth that during the months of June, July, August, September, October, and November, 1893, he was assistant secretary of the defendant, and kept a record of the entire membership of the association, the amount of assessments such members were liable for, and of the mailing of notices of the regular assessments upon such members, and also had charge of the preparation and mailing of such notices; that on or about the 1st day of June, 1893, a notice of the assessment known as "Mortuary Call No. 68" was inclosed in a post-paid, sealed envelope, directed to Edward J. Curtis, Boisé City, Idaho, and deposited in the general post office in the city of New York by the deponent, at 5 o'clock in the afternoon of June 1, 1893; that the assessment was not paid. The affidavit then proceeds to state the contents of the notice and the regular course of business of the association with respect to such notices. Upon this agreed statement of facts and the accompanying affidavit, the court below rendered its judgment in favor of the plaintiff, and upon this same agreed statement of facts this court is asked to reverse that judgment.

The circuit court, in its opinion, discussed the sufficiency of the notice of assessment, referred to in the affidavit of Amsden, and determined that it was not sufficient under the laws of New York; but there was no special finding as to when that notice was given or what it contained. Moreover, the laws of the state of New York appear to provide for different classes of life insurance associations; but there is no finding as to the particular class to which the defendant belongs, and this court is not required to ascertain the fact by an examination of the evidence, in order to determine the law applicable thereto. The agreed statement of facts is therefore merely a report of the evidence; and, whether it appears in the opinion of the court or in the bill of exceptions, it cannot be deemed a special finding. Lehnen v. Dickson, 148 U. S. 71, 74, 13 Sup. Ct. 481.

In Insurance Co. v. Hamilton, 22 U. S. App. 550, 11 C. C. A. 46, and 63 Fed. 98, the circuit court of appeals for the Sixth circuit used the following language concerning a similar record in that court:

"We did not and cannot regard the so-called 'agreed statement of facts' found in this record as in any sense the equivalent of a special finding of facts. It does not purport to be a statement of the ultimate facts, but a mere agreement as to the evidence to be submitted to the court as bearing upon the issues presented by the pleadings. To treat the evidence thus submitted as an agreed statement of facts, equivalent to a special finding of facts, would require this court, on a writ of error, to examine the evidence as it was submitted to the court

below, and confound all the distinctions which distinguish an appeal from a writ of error. The bill of exceptions sets out the numerous applications, notices, letters, policies, charters, and by-laws therein referred to as having been read upon the hearing. What ultimate facts are proven by all this evidence are not shown by the agreement itself, nor is there any special finding of facts based upon all this evidence by the trial judge. An agreed statement of facts which will be accepted as the equivalent of a special finding of facts must relate to and submit the ultimate conclusions of fact, and an agreement setting out the evidence upon which the ultimate facts must be found is not within the rule stated in Supervisors v. Kennicott, 103 U. S. 554."

To the same effect is Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57.

The insufficiency of the record in the present case is still further disclosed in the assignments of error, which are directed mainly to the opinion of the court, and cannot be considered, since the opinion of the court is no part of the record; and the only exception in the record is to the decision of the court "upon the grounds that it was against law, and against the weight of the testimony in the cause, and not warranted by the testimony of the cause." As the record does not present any question to this court for determination, the judgment of the circuit court is affirmed.

ROSS, Circuit Judge, being disqualified, took no part in the decision.