STANDARD ASPHALT & RUBBER CO. v. BARBER ASPHALT PAVING CO.

(District Court, S. D. Illinois, S. D.   January 17, 1917.)

No. 25.

1. PATENTS ⟨⇒202(1)—ASSIGNMENT—PASSING OF TITLE.
   An assignment of patents for a temporary purpose, which had been fulfilled, and expressly providing that it was not the intention to interfere with the right of disposition of the patents by the assignors, *held* to leave the legal as well as the equitable title in them.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–288.]

2. PATENTS ⬤⟶328—VALIDITY AND INFRINGEMENT—PAVING MATERIAL.

   The Culmer patents, Nos. 635,429 and 635,430, the former for a process of making an asphaltic paving material and the latter for the product, *held* not anticipated, valid, and infringed.

In Equity. Suit by the Standard Asphalt & Rubber Company against the Barber Asphalt Paving Company. On final hearing. Decree for complainant.

A. F. Reichmann and F. L. Belknap, both of Chicago, Ill., and Walter M. Allen, of Springfield, Ill., for complainant.

Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., Edward Rector, of Chicago, Ill., and Logan Hay, of Springfield, Ill., for defendant.

HUMPHREY, District Judge. The bill charges infringement of two patents, No. 635,429 and No. 635,430, known as the Culmer patents. The one describes a process; the other, the product derived therefrom. The process consists in violently agitating with air petroleum residuum, while the latter is heated to a relatively low temperature, resulting in an asphaltic product more or less solid and practically without loss; that is to say, the volume and specific gravity of the liquid being substantially the same as the volume and specific gravity of the resulting product.

It is admitted by defendant that its process is identical with that of complainant, so that the real controversy here is as to the validity of the Culmer patents. The defenses are: (1) That complainant has not shown a clear title to the Culmer patents. (2) Anticipation by the Byerly patent and prior invention by Byerly.

[1] The attack upon complainant's title is collateral only, the defendant not seeking to connect itself in any way with the title to the Culmer patents. On July 14, 1899, the Culmers had made an agreement with parties called the Byrd syndicate for the repayment of $50,-000, furnished by the syndicate in connection with the Culmer patents. Later, on December 14, 1899, the Culmers assigned the patents to the Guardian Trust Company. The assignment was not to secure a debt, but for a temporary purpose, and specifically states that it was "subject in all respects to the terms of the agreement of July 14, 1899." The assignment also provides:

"It not being the intention of this agreement to interfere with the right of disposition of said patented process on the part of the parties of the first part" (the Culmers).

The two agreements must be considered together, for the second specifically includes the first, and without the first the second is meaningless. I am of opinion that, notwithstanding the assignment, the legal and equitable title to the patents remained in the Culmers.

The record of proceedings in Guardian Trust Co., Trustee, v. Culmer (no opinion filed), begun in the United States court in Chicago, January, 1901, is significant. The pleadings and the result of the suit convince me that the assignment was a temporary pledge and that it

had been discharged. It is therefore held that the legal and equitable title to the Culmer patents is in the complainant company.

[2] The case was mainly fought on the joint defense of anticipation and prior invention by Byerly. The language of both Byerly and Culmer patents is clear and unmistakable. Byerly describes a process of distillation; Culmer, a process of oxidation at relatively low temperature and without distillation. Byerly's process involves a heavy loss of material, and Culmer's process involves practically no loss of material. Byerly's process takes away the lighter oils. Culmer's process retains those oils. In the Patent Office the Byerly patent was cited against Culmer's application, and the distinction made at that time was satisfactory to the department. The proof here verifies that distinction.

The further defense is that, regardless of his patent, what Byerly actually did constituted prior invention and use. So far as the proof of such prior invention by the elder Byerly rests in the memory of his two sons, Francis and Josiah Byerly, it is not sufficient to sustain the defense, and the record of certain still books of the father, produced in evidence by the son Francis, is against rather than in favor of the contention that the elder Byerly was the original inventor of the process described in Culmer's patent. Indeed, the most convincing proof on the subject of prior invention is that contained in the still books, which are now for the first time known in the litigation.

Much time and consideration have been given to the various cases cited by counsel for defendant in which the Byerly or Culmer patents, or both, have been involved. Harmony of decision is highly desirable, and all courts seek to preserve such harmony; but those decrees were all based upon different records, and the decree here must be based upon the record made here.

The equities are found to be with the complainant. Counsel for complainant may submit form of decree.