### ROXANA PETROLEUM CO. OF OKLAHOMA v. RUSH.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1924.)

No. 4102.

1. Appeal and error ☞717—Narrative statement of evidence being in question and answer form, statements in court's opinion accepted as correct.

Where "narrative statement of evidence" appears to be an unabridged copy of notes taken by reporter at trial, with attached copies of exhibits offered in evidence, and a large part of the notes covers incidents having

no bearing on the matters relied on as grounds for reversal, in violation of equity rule 75, the Circuit Court of Appeals will accept as correct statements in the court's opinion as to what the evidence adduced showed.

2. **Mines and minerals** ⊚⟿74—**Suit to recover purchase price of leases, without eviction, where outstanding title.**

A suit to recover the purchase price of oil and gas leases will lie, where there has been no eviction, if there is a perfect outstanding title in a third party.

3. **Appeal and error** ⊚⟿931(1)—**Inferred that trial court did not credit testimony inconsistent with conclusion.**

In an action where recovery was sought of money paid for oil and gas leases, it will be inferred on appeal that the court did not credit oral testimony of defendants as to title, except so far as it was consistent with its conclusion that neither of the lessors had any title.

4. **Mines and minerals** ⊚⟿74—**Tender back of leases waived in action to recover purchase price.**

In an action to rescind transfer of oil and gas leases, tender back of leases was waived by defendant's failure to make such plea before, or at the time of, the filing of his first answer, before the suit was transferred to the equity docket.

5. **Mines and minerals** ⊚⟿74—**Tender back of leases held not necessary in action for purchase price.**

In an action to recover purchase price of oil and gas leases on the ground that lessors had no title, it was immaterial that purchaser failed to offer to return the assigned leases before bringing the suit, since nothing was conveyed by the assignment, and, even if the lessors did have an interest which they could let, the purchaser was not required to offer to return the assigned leases, where they had expired as the result of nonpayment of amount required to effect a further extension of their terms; the purchaser having no obligation to procure an extension of the term of either lease.

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit in equity by Orley C. Rush against the Roxana Petroleum Company of Oklahoma, brought in the state court and removed to the federal court. Decree for plaintiff, and defendant appeals. Affirmed.

Alex F. Smith and J. S. Atkinson, both of Shreveport, La., and John M. Holmes and James R. Van Slyke, both of St. Louis, Mo. (Koerner, Fahey & Young, of St. Louis, Mo., on the brief), for appellant.

H. C. Walker, Jr., of Shreveport, La. (Leon O'Quin, of Shreveport, La., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. [1] What is set out in the transcript of the record in this case under the caption "Narrative Statement of Evidence" appears to be an unabridged copy of notes taken by a reporter at the trial, with attached copies of exhibits offered in evidence, and statements of the contents of other exhibits so offered. A large part of the reporter's notes covers incidents in the trial having no bearing on the matters relied on as grounds for a reversal. There was a flagrant disregard of the following requirement of equity rule 75:

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The evidence to be included in the record shall not be set forth in full, but shall be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness."

The result in this case of a noncompliance with the rule is that this court, in the absence of the aid furnished by the opinion rendered by the trial judge, would not be in a position to determine advisedly what findings of fact were or were not warranted, without separating, from a mass of matter not requiring consideration, the evidence, particularly oral testimony, material to the decision of the questions presented. In the above-mentioned condition of the record, and for any additional reason stated below, we accept as correct statements in the court's opinion as to what the evidence adduced showed.

The suit was brought by the appellee in a state court in December, 1920, claiming the amounts, with interest thereon, paid by the appellee to the appellant in, respectively, June, 1919, and August, 1919, for the assignment by the latter to the former of two oil and gas leases, one made by G. T. Shaw and the other by Simon Lawhorn. The original petition alleged that the appellant warranted the title of the lessor in each of the leases to the extent of the purchase money paid, and that the title of each of the lessors to the land described in his lease was bad. After the removal of the case to the court below the pleadings were reframed, pursuant to an order of the court, with the result that appellee's petition was so amended as to be in form a bill in equity, praying the rescission of the assignments to the appellee and the repayment of the prices paid, with interest thereon. The court's opinion contains the following:

"The evidence shows that neither Shaw nor Lawhorn had any title to the respective tracts of land, and, consequently, the leases executed by them were of no effect. * * * The evidence shows that plaintiff promptly notified the local representatives of the defendant company of the defects in title and asked the return of the price, and, failing in this, timely filed suit. Plaintiff very properly paid the rentals as they fell due to keep the lease alive, and this cannot be construed a ratification of the contracts after discovery of their nullity. Plaintiff had previously called to the attention of defendant's attorney the fact that the titles were bad and he had promised to perfect them, but never did so. Furthermore, the leases had previously been sold to another party who refused to accept transfer because on examination of the titles he found them bad. Defendant thus had full knowledge of the defects of title, but did not disclose same to plaintiff prior to the sale. It took his money well knowing that it was not making him a good title."

[2, 3] The court properly ruled that a suit to recover the purchase price will lie where there has been no eviction, if there is a perfect outstanding title in a third party. Bonvillain v. Bodenheimer, 117 La. 794, 42 South. 273. It is not claimed that either of the assignments sought to be canceled was effective to confer on the appellee the benefit he paid for, namely, the right to enter on the land described to explore for oil and gas. The most that is claimed in behalf of the appellant is that each of the lessors had an interest less than sole ownership in the land described. The validity of these claims that the titles of the lessors were not utter nullities was dependent upon oral

testimony, given in the presence of the court, as to possession relied on to confer partial titles by prescription. It was for the court to pass on the credibility of that testimony. It is to be inferred that the court did not credit that testimony, except so far as it was consistent with the conclusion that neither of the lessors had any title. For the reason indicated, we would not be warranted in attributing to the evidence adduced the effect of proving that the lessors had some interest in the lands described in their leases.

[4, 5] The following part of the court's opinion discloses the ground of its ruling that appellee's right to a rescission and to a return of the amounts paid for the leases, with interest, was not affected by his failure to offer to return the assigned leases before bringing the suit:

"If the case were one in which a tender of the return of the leases to defendant had been a condition prerequisite to the suit for rescission, such tender was waived by defendant's failure to make such plea before or at the time of the filing of his first answer, before the suit was transferred to the equity docket. As a matter of fact, the contract of lease conveying no right, there was nothing to return, no status quo to restore."

There is an additional ground supporting the just stated conclusion. By the terms of each of the leases, the lessee or his assign had the option to obtain extensions of the term of the lease by making, within times stated, specified payments to the lessor. The appellee incurred no obligation to procure an extension of the term of either lease. Before this suit was brought, each of the leases had expired as the result of the nonpayment of the amount required to effect a further extension of its term. A result was that neither of the assigned instruments evidenced any property right in any one at the time this suit was brought. The appellant could not have been injured by failing to get back the expired leases.

We conclude that on no ground urged is the decree in favor of the appellee subject to be reversed. That decree is affirmed.