## BARBER ASPHALT PAVING COMPANY *v.* STANDARD ASPHALT & RUBBER COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 194. Argued October 4, 5, 1927.—Decided January 3, 1928.

1. Equity Rule 75b, which prescribes the form and manner in which the evidence in a suit in equity in the District Court may be made a part of the record therein for the purposes of an appeal, is authorized by Rev. Stats. §§ 913, 917. P. 381.

2. Equity Rule 75b applies to cases to be appealed to the Circuit Court of Appeals. The Act of February 13, 1911, which relates to the manner of making up and printing the transcript of record in every kind of action or suit, where review is sought in that court, and which provides that the transcript shall contain, *inter alia,* " such part or abstract of the proofs as the rules of such Circuit Court of Appeals may require, and in such form as the Supreme Court of the United States may by rule prescribe," did not withdraw from this Court the power of regulation on which Equity Rule 75b depends. P. 381.

3. The excepting clause of the Rule, providing that " if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness," applies only to such parts as need to be examined in that form to be rightly understood; as to other parts of the evidence, it neither qualifies nor relaxes the direction for condensation and narration. P. 383.

4. A total failure to comply with Rule 75b is not condoned by the Act of Feb. 26, 1919, directing that technical errors and defects not affecting the substantial rights of the parties shall be disregarded. P. 384.

5. The District Court has jurisdiction to conform a transcript to Equity Rule 75b, when remitted to it for that purpose by the Circuit Court of Appeals after an appeal of the case. P. 385.

6. Expiration of the term of the District Court at which the decree was entered without reservation of further time for settling a statement of the evidence, does not affect the power of the District Court to act under Rule 75b. P. 385.

7. When evidence taken in a court cannot be identified by the judge, because of his death, and evidence taken by a master bears neither his certificate nor the file mark of the clerk, resort may be had to other means of identification. P. 385.

8. Affirmance of the decree *held* too severe a penalty to be inflicted by the Circuit Court of Appeals for failure to obey the requirements of Equity Rule 75b concerning condensation and narration, in view of previous indulgence of such violations by that court and the district courts of the circuit. P. 386.

9. In such a case, *held*, that the transcript should be remitted to the District Court for compliance with the rule, upon condition that the appellant pay a sum specified into the Circuit Court of Appeals to reimburse the appellee for counsel fees and expenses incurred in securing elimination of the objectionable statement of evidence, besides the costs here and in the Circuit Court of Appeals. P. 387.

16 F. (2d) 751, reversed.

CERTIORARI, 274 U. S. 728, to a decree of the Circuit Court of Appeals, affirming a decree of the District Court in a patent infringement suit, upon the ground that the evidence had not been brought into the record in accordance with Equity Rule 75b.

*Mr. John W. Davis,* with whom *Messrs. Charles Neave, Samuel E. Hibben, Henry N. Paul,* and *Edward L. Patterson* were on the brief, for petitioner.

*Mr. Charles Evans Hughes,* with whom *Messrs. Alexander F. Reichmann, Thomas G. Haight, Frank L. Belknap,* and *William F. Hall* were on the brief, for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

The principal questions to be considered relate to the steps whereby evidence in a suit in equity in a district court may be made a part of the record for the purpose of an appeal, and to the action which the appellate court appropriately may take where the requirements in that regard are not followed. To show how the questions arise and the circumstances bearing on their solution the case will be stated with some detail.

The suit was brought January 30, 1915, to obtain an injunction against the infringement of letters patent and to recover profits made out of the infringement. The answer put in issue the plaintiff's title, the validity of the letters patent and the infringement. A hearing, at which evidence both oral and documentary was received, resulted, February 20, 1917, in an interlocutory decree whereby the issues were resolved in the plaintiff's favor and the cause was referred to a master with directions to ascertain the profits, to take evidence to that end and to report his findings "together with all evidence" taken before him. See 240 Fed. 749. The decree recited that the evidence underlying it was "filed" in the cause.

The defendant neither did nor could appeal from the interlocutory decree; for it did not grant an injunction, the letters patent having expired shortly before it was entered. To have it reviewed the defendant must await the

final decree and appeal from that, which would bring under review the entire proceedings, if challenged in the assignments of error.

Up to and including the entry of the interlocutory decree the proceedings were had while Judge Humphrey was holding the district court. He died June 14, 1918, while the master was proceeding with the accounting; and the subsequent proceedings in that court were had before Judge FitzHenry.

January 6, 1921, the master filed his report finding that the defendant's profits from the infringement were $650,-044.83 and recommending that the plaintiff recover that sum. When filing the report the master also turned in the evidence taken before him, but omitted to say so in the report. He should have attached to the evidence a certificate stating that it was the evidence and all the evidence taken before him, but he failed to attach any certificate. The clerk, although receiving the evidence as turned in by the master, omitted to put a filing endorsement thereon.

Both parties filed exceptions to the report, the exceptions purporting to be based on the evidence and treating it as duly reported. A hearing on the exceptions resulted, April 30, 1924, in a final decree overruling the exceptions, confirming the report and awarding the plaintiff the sum reported by the master with interest and costs. In a memorandum opinion explaining the rulings the court indicated that the evidence taken by the master was before it and was extensively examined.

July 1, 1924, the defendant sought and the district judge allowed an appeal from the final decree to the Circuit Court of Appeals. Both that decree and the interlocutory decree were challenged in the assignments of error—each as being without support in and contrary to the evidence underlying it.

At the appellant's instance the time for filing a transcript of the record in the Court of Appeals was enlarged a year by successive orders of the district judge. During that period the appellant, on its own responsibility, prepared, printed and lodged with the clerk for certification a proposed transcript. This transcript was in nine volumes, about 5,000 pages, and consisted mostly of evidence set forth without any approval or authentication by the court or judge and without appreciable attempt at condensation or narration, save as some exhibits may have been omitted.

April 24, 1925, after lodging the proposed transcript with the clerk and delivering a printed copy thereof to the appellee, the appellant filed with the clerk and served on the appellee a praecipe designating what should be included in the certified transcript—the designation conforming to what the appellant had embodied in the transcript proposed. The praecipe described the evidence to be included as " printed pages 24 to 1215 inclusive," which were the pages of the proposed transcript purporting to set forth the evidence underlying the interlocutory decree, and certain other " printed pages," which were the pages of that transcript purporting to contain the evidence taken before the master and accompanying his report. The appellee made no objection to the praecipe, to the designation of the evidence or to the form in which the same was set forth at the pages indicated; nor did it file a praecipe for anything more. Accordingly, the clerk, on June 24, 1925, attached to the proposed transcript his certificate stating that it was true, complete and prepared in accordance with the praecipe.

July 3, 1925, the appellant filed the certified transcript in the Court of Appeals, but omitted to file therewith the requisite copies. These were supplied four months later.

November 3, 1925, the appellant requested the Court of
Appeals to divide the argument on the appeal by first
hearing and deciding the questions arising on the inter-
locutory decree and, if it was sustained, then hearing and
deciding the questions arising on the final decree.   The
appellee objected to this, and in that connection suggested.
(a) that all evidence appearing in the transcript be
stricken therefrom because not stated in simple and con-
densed form and, where consisting of the testimony of
witnesses, not stated in narrative form, but set forth in
full in the original form contrary to rule 75b of the Equity
Rules, and (b) that the evidence received at the hearing
which resulted in the interlocutory decree be stricken from
the transcript for the further reason that it was not ap-
proved or authenticated by the court or judge as required.
by that rule.   November 9, 1925, the request to divide
the argument was denied and consideration of the sugges-
tions that the evidence be stricken from the transcript
was postponed until the hearing on the merits.

January 29, 1926, at the appellant's instance, the Court
of Appeals remitted the transcript to the district court to
enable it to " amend its certificate of evidence " and to
make " such further amendment, correction or amplifica-
tion as the district judge may, upon his attention being
brought to the matter, see fit to make respecting the cer-
tification of the record."   In this order the Court of Ap-
peals expressly retained jurisdiction of the appeal, directed
that the transcript when corrected be returned to that
court and reserved all questions respecting the validity
and effect of the correction until the hearing on the
merits.

March 29, 1926, the appellant presented to the district
court a motion asking it to " append its certificate of
evidence " to the remitted transcript and further to
amend, correct or amplify the certification of the record

as it might deem proper. The appellee had due notice of
this motion, appeared specially for the sole purpose of
challenging the court's power to grant the motion, and
declined to take any further part in that proceeding. The
court called and examined some of its officers respecting
the identity of the evidence received and filed at the time
of the hearing before Judge Humphrey which resulted in
the interlocutory decree, and found from such examina-
tion that that evidence was truly and completely set forth
in the transcript. The court further found that specified
exhibits were put in evidence before the master and re-
ported by him; and, supposing that they were not in-
cluded in the original transcript, it ordered that they be
embodied in a supplemental transcript. Neither party
made any effort at that time to have the evidence con-
densed or the testimony put in narrative form. On the
contrary, it appears from the court's order that the ap-
pellant requested and the court directed that "all the
testimony in this cause be reproduced in the exact words
of the witnesses, and not in narrative form." The order
further said: "And pages 24 to 4872, inclusive, of the
transcript of record heretofore certified by the Clerk of
this Court on June 29, 1925, amended and supplemented
as herein directed, are hereby approved as a true, complete
and properly prepared statement of the evidence." There
was no other approval or authentication by the court or
judge.

April 13, 1926, the original transcript was returned to
the Court of Appeals accompanied by a supplemental
transcript, designated volume 10, setting forth the later
proceedings in the district court and the exhibits which
it directed to be included as part of the evidence taken
and reported by the master.

October 6, 1926, the cause was heard on the merits in
the Court of Appeals. At this hearing the appellee re-
newed its prior suggestions that the evidence be stricken

from the transcript because not brought into the record conformably to rule 75b of the Equity Rules, and also insisted that the situation had not been changed by the later proceeding in the district court because (a) that court was at the time without any power to act in the matter and (b), if having power, had not conformed its action to the requirements of that rule.

December 13, 1926, the Court of Appeals held that the evidence had not been brought into the record in accordance with rule 75b, and for that reason declined to examine the evidence and affirmed the decree of the district court: 16 Fed. (2d) 751. The appellant promptly sought a rehearing on the ground, among others, that, if rule 75b applied and had not been followed, the circumstances were such that the court, in the exercise of a sound discretion, should not have affirmed the decree but should have remitted the transcript to the district court so that compliance with the rule might be had. A rehearing was denied, and on the appellant's petition a writ of certiorari was granted by this Court to the end that it might consider and determine the procedural questions involved.

To avoid possible confusion in the further reference to the parties they will be designated as they were in the Court of Appeals—the petitioner as appellant and the respondent as appellee.

In the federal courts evidence received in a suit in equity usually has been regarded as becoming a part of the record only where made so by some act of the court or judge. In the beginning either of two acts sufficed for the purpose. One was to make an appropriate recital in the decree. The other was to state the evidence or its substance in a separate writing which was to be filed and deemed a part of the record. Both courses were sanctioned by a provision in the first practice statute.[1] That

---

[1] Act September 24, 1789, c. 20, sec. 19, 1 Stat. 83.

provision remained in force only a short period, but the practice continued to be recognized.[2]

In 1912 the matter was dealt with in the Equity Rules, which rest largely on statutes [3] investing this Court with power "generally to regulate the whole practice to be used in suits in equity" in the district courts. Rule 75b (226 U. S. Appendix 23) provides:

"(b) The evidence to be included in the record shall not be set forth in full, but shall be stated in simple and condensed form, all parts not essential to the decision of the questions presented by the appeal being omitted and the testimony of witnesses being stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness. The duty of so condensing and stating the evidence shall rest primarily on the appellant, who shall prepare his statement thereof and lodge the same in the clerk's office for the examination of the other parties at or before the time of filing his *praecipe* under paragraph *a* of this rule. He shall also notify the other parties or their solicitors of such lodgment and shall name a time and place when he will ask the court or judge to approve the statement, the time so named to be at least ten days after such notice. At the expiration of the time named or such further time as the court or judge may allow, the statement, together with any objections made or amendments proposed by any party, shall be presented to the court or the judge, and if the statement be true, complete and properly prepared, it shall be approved by the court or judge, and if it be not true, complete or properly prepared, it shall be made

---

[2] *Conn* v. *Penn*, 5 Wheat. 424; *Blease* v. *Garlington*, 92 U. S. 1; *Watt* v. *Starke*, 101 U. S. 247, 250; *Southern Building & Loan Assn.* v. *Carey*, 117 Fed. 325, 333–334; 2 Street Fed. Eq. Pr. secs. 1629, 1630; *Railway Co.* v. *Stewart*, 95 U. S. 279, 284.

[3] Rev. Stat. secs. 913, 917; U. S. Code, Title 28, secs. 723, 730.

so under the direction of the court or judge and shall then be approved. When approved, it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal."

The appellant contends that this rule can have no application where the appeal is to a circuit court of appeals, first, because the Equity Rules rest on statutes which provide for regulating the practice in the district courts, not that in the circuit courts of appeals, and, secondly, because another statute has special and exclusive application where the appeal is to a circuit court of appeals. We think the contention must fail for reasons which will be stated.

It is true that the Equity Rules are based largely on statutes which authorize this Court to regulate the practice in suits in equity in " the district courts." But plainly rule 75b is within that authorization. It prescribes the form and manner in which the evidence in suits in equity in those courts may be made a part of the record therein. The prior practice had varied and experience had shown there was need for uniformity and simplicity. The rule was adopted to meet that need. That it is intended, like the prior practice, to pave the way for an appellate review extending to the evidence does not make it any the less a regulation of proceedings which are had in the district courts. Its status, therefore, is not different from that of rule 71, which requires that decrees be put in direct and simple form and be free from any recital of the pleadings, evidence, etc.

The statute which is cited as having special and exclusive application was enacted February 13, 1911, c. 47, 36 Stat. 901, and is now sections 865 and 866, Title 28, U. S. Code. It relates to the manner of making up and printing the transcript of the record, in every kind of action or suit, where review is sought in a circuit court of appeals. The provision particularly cited speaks first of the printing and then says that the transcript shall include, among

other things, " such part or abstract of the proofs as the rules of such Circuit Court of Appeals may require, and in such form as the Supreme Court of the United States may by rule prescribe." The provision is loosely phrased, but its meaning is fairly plain. What it says about including proofs doubtless refers to evidence which has become a part of the record in the district court through a settled bill of exceptions where the case is at law,[4] or through an approved statement where the case is in equity. Nothing in the provision evinces a purpose to dispense with either mode of authenticating and preserving the evidence as a part of the record. The concluding clause, " in such form as the Supreme Court of the United States may by rule prescribe," obviously reserves to this Court some power of regulation and is not lightly to be put aside. The appellant treats it as relating merely to the form in which the printing is to be done. But the context makes for a broader application. The direction for the printing and that for making up the transcript are both in a single sentence which ends with that clause. Taken in its natural sense the clause qualifies both directions. We think that is the sense intended and that the clause makes it rather plain that there was no purpose to withdraw from this Court the power of regulation on which rule 75b depends. The appellant cites our decision in *Rainey* v. *Grace & Co.*, 231 U. S. 703, as if it were to the contrary. But this is a mistaken view. The question presented there related to the printing of the transcript and to the fees to be charged in that connection. Nothing was decided or said respecting the question presented here.

The appellant next, assuming the rule applies, contends that it was complied with. We perceive no tenable basis for this contention.

---

[4] See sec. 776, title 28, U. S. Code; Rule 7, 266 U. S. 657; *Mussina* v. *Cavazos*, 6 Wall. 355, 363.

Up to the certification of the original transcript nothing required by the rule had been done.   In that situation the evidence should not have been included.

After the transcript was remitted to the district court with a view to action under the rule, that court entered an order (a) directing, at the appellant's request, that " all the testimony " be stated " in the exact words of the witnesses," and (b) approving the particular pages of the transcript where the evidence, oral and documentary, was set forth—4849 pages in all—" as a true, complete and properly prepared statement of the evidence."   This order is the asserted basis of the contention that the rule was complied with.   But it does not support the contention. It proceeds on the erroneous assumption that, where either party so requests, the court may dispense entirely with the condensation and narration of the testimony of witnesses and direct that it be stated in full in their words. The rule says that the evidence " shall not be set forth in full " but shall be stated " in simple and condensed form," that all that is not essential shall be omitted, and that the testimony of witnesses shall be stated " only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness." Manifestly the excepting clause is intended to have only a limited operation and to be applied in the course of the required condensation and narration, as special occasion therefor arises.   Its purpose is to provide for the exact reproduction of such parts of the testimony as need to be examined in that form to be rightly appreciated.   As to other parts of the evidence it neither qualifies nor relaxes the direction for condensation and narration.   *Buckeye Cotton Oil Co. v. Ragland,* 11 Fed. (2d) 231, 232.

The transcript shows that in fact no part of the evidence was condensed or put in narrative form, and also that as to nearly all of the testimony there was no occasion for

reproducing it in the words of the witnesses. Had the rule been complied with the evidence would have been reduced in volume two-thirds or more; and had this work been done at the outset the charge for printing would have been proportionally less—probably more than enough to offset the cost of compliance. One object of the rule is to eliminate immaterial and redundant matter and to effect such a condensation and statement of what remains as will simplify and facilitate the task of counsel in presenting, and of the court in determining, questions turning on the evidence. Here the requirement looking to the attainment of that object was wholly neglected.

The appellant invokes the statute which directs that technical errors and defects not affecting the substantial rights of the parties be disregarded.[5] But the error here is not merely abstract or formal. It consists of a total failure to observe an important regulation in a matter of substance. Nor is it harmless. It makes the case difficult of presentation by counsel and materially augments the task of examination and decision by the court. Repetition of it in other cases would soon congest the dockets of the appellate courts. To condone such an error is not, we think, within the purpose of the statute.

The next question is whether there were circumstances which should have impelled the Court of Appeals in the exercise of a sound discretion to remit the transcript to the district court again so that full compliance might be had with the rule. The pertinent circumstances are not in controversy, save as the parties interpret them differently.

As a remission which necessarily must be futile would not be proper, we shall notice at the outset three matters

---

[5] Act February 26, 1919, c. 48, 40 Stat. 1181; U. S. Code, Title 28, § 391.

which the appellee insists would prevent a remission from being effective. The first is that jurisdiction of the cause passed from the district court to the Court of Appeals when the appeal was perfected. From this it is argued that the district court would be without power to take any action in the cause during the pendency of the appeal. We recognize the principle intended to be invoked but think it does not go so far. The Court of Appeals by remitting the transcript for compliance with the equity rule would be in effect directing action in aid of its appellate jurisdiction; and the district court in conforming to the direction would be recognizing rather than encroaching on that jurisdiction. The second matter is that the term of the district court at which the decree was entered expired shortly thereafter, without any reservation of further time for settling a statement of the evidence. This, it is said, put an end to the district court's power to act under the equity rule. We think otherwise. Power to act under that rule is not confined to the term at which the decree is rendered, nor to a period allowed during that term. Such a restriction was not recognized in the early practice and is not expressed in the rule. Other rules, such as 69 and 72, show that where a restriction of that nature is intended it is expressed. This interpretation of the rule has been adopted by the Circuit Courts of Appeals so far as they have spoken on the subject.[6] The third matter is that by reason of the death of Judge Humphrey, who presided at the interlocutory hearing, the master's failure to attach a certificate to the evidence taken before him and the clerk's failure to place a filing endorsement thereon, the usual and favored means of identifying the evidence are not avail-

---

[6] *In re General Equity Rule 75*, 222 Fed., 884; *Struett v. Hill*, 269 Fed. 247; *Sussex Land & Live Stock Co. v. Midwest Refining Co.*, 294 Fed. 597.

83583°—28——25

able.   We think what is said in the forepart of this opinion shows that other adequate means of identification are at hand.   The district court experienced no difficulty in this regard when it made the order of approval under the first remission.

We come then to the circumstances bearing on the question of discretion.   The rule was promulgated in 1912.   The requirement respecting condensation and narration was not drawn from the earlier practice but was new.   Its enforcement was slowly approached.   For a time transgression was indulgently overlooked.   Then this Court and some of the Circuit Courts of Appeals, having called special attention to the requirement, began to give effect to it.[7]   The Court of Appeals for the Seventh Circuit continued to be uniformly indulgent until it came to decide this case.   There may have been some scolding before, but not in the court's opinions.   It was a common practice in that circuit for the judges, circuit as well as district, to direct that all the testimony be reproduced in the words of the witnesses.   In so directing in this case the district court followed that practice.   Of course the practice was in contravention of the equity rule and the Court of Appeals was right in giving effect to the rule by declining to examine the mass of evidence wrongly reproduced.   But the court did not stop there.   It also affirmed the decree, because of the transgression—and this notwithstanding the transgression was largely due to its own course of action.   That was a very severe penalty to impose for action which had the court's implied sanction

_____

[7] *Louisville & Nashville R. R. Co.* v. *United States,* 238 U. S. 1, 10-11; *Newton* v. *Consolidated Gas Co.,* 258 U. S. 165, 173; *Houston* v *Southwestern Bell Telephone Co.,* 259 U. S. 318, 325; *Patterson* v. *Mobile Gas Co.,* 271 U. S. 131, 132; *Brictson Mfg. Co.* v. *Close,* 280 Fed. 297, 299; *Roxana Petroleum Co.* v. *Rush,* 295 Fed. 844, 846.

up to that time.  The fact is not overlooked that after
the original transcript was filed the appellee called atten-
tion to the requirement for condensation and narration
and asked that the rule be given effect.  But regard also
is had for the fact that when the transcript was remitted
the district court directed the reproduction of the testi-
mony without condensation or narration.

When the particular situation in the Seventh Circuit is
considered, we think it is apparent that the Court of Ap-
peals passed the bounds of a sound discretion in affirming
the decree, because of the transgression, and that, upon
proper terms, it should have remitted the transcript to the
district court to the end that a further opportunity might
be had to comply with the equity rule.  Such a remission
should still be made, care being taken to require that the
proceedings under the rule be conducted with reasonable
dispatch.

As the rule places the duty of condensing and narrating
the evidence primarily on the appellant, and most of the
proceedings since the appeal have been attributable to
the failure to discharge that duty, the appellant should be
required, as one of the terms of the remission, to pay into
the Court of Appeals five thousand dollars for the benefit
of the appellee by way of reimbursing it for counsel fees
and expenses incurred in securing the elimination of the
irregular and objectionable statement of the evidence;
and also to pay, as one of such terms, the costs in this
Court and those in the Court of Appeals up to the time
our mandate reaches that court.

The decree of the Circuit Court of Appeals accordingly
is reversed and the cause is remanded to that court for
further proceedings in conformity with this opinion.

*Decree reversed.*