## INTERSTATE FOLDING BOX CO. v. EMPIRE BOX CORPORATION.

### No. 4980.

Circuit Court of Appeals, Seventh Circuit.
Jan. 5, 1934.
Rehearing Denied Feb. 28, 1934.

Allen & Allen, of Cincinnati, Ohio (Arthur M. Hood, of Indianapolis, Ind., of counsel), for appellant.

A. C. Paul and Paul, Paul & Moore, all of Minneapolis, Minn., and C. Paul Parker, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

For want of a properly prepared and properly certified statement of the evidence, the decree must be affirmed. Not only has appellant violated Rule 9 of this court (Barber Asphalt Paving Company v. Standard Asphalt & Rubber Company, 275 U. S. 372, 48 S. Ct. 183, 72 L. Ed. 318), but it has failed to secure any approval or certification of the evidence as being all of the evidence received on the trial or necessary to present the case to this court on the merits.

We have, however, acted on the assumption that all of the evidence is in the record and have overlooked appellant's failure to comply with Rule 9 of this court and have studied the briefs and records with the result that we are entirely satisfied with the decree which was entered.

The appeal is from a decree dismissing a bill which sought relief because of the appellee's alleged unlawful infringement of appellant's patent No. 1,461,967. It appears that two patents were issued out of the patent office on the same day to the same party, appellant's assignor. One covered a machine and the other was a process patent. The suit was originally brought on both patents, but at the trial appellant dismissed or withdrew that part of the complaint which charged an infringement of the machine patent.

Claim 2, quite typical of all claims, reads as follows:

"The herein described process of making paper folding boxes, consisting in preparing blanks of uniform size, in feeding the blanks progressively to a box making apparatus, in causing the blanks to be moved without pause through said apparatus, in effecting simultaneously folding of the opposite corners of the front end of each blank, and thereafter to effect simultaneously folding of the opposite corners of the rear end of each blank, and in a still later operation to effect folding of the opposite side edges of each blank, as the same are advanced through said apparatus, in causing adhesive junctures to be made between folded portions of each blank, and in causing the blanks to be delivered singly from said apparatus in knocked-down form."

In disposing of this and other similar claims, the court said (2 F. Supp. 531):

" * * * The machine Patent, No. 1,461,966, has been dismissed out of the case, leaving only the process patent in issue.

"Defendant claims this patent is invalid and void for the reason that it does not set up a patentable process, but only statements of a function of the automatic machine covered by Patent No. 1,461,966. * * *

"The patent in issue is process Patent No. 1,461,967, issued to Charles Butterfield July

17, 1923, and belongs to plaintiff. The finished box that Butterfield describes is old and known to the trade as a paper box scored diagonally, which has been made for a long time either by hand or by the use of machines which folded the cardboard on the diagonal scores and produced the exact same box. Butterfield does not claim an improved box, but he does claim that the boxes are produced more rapidly than before because certain folds are made while the blank is progressing on the machine. This is an improvement in the automatic machine, not in the process. Butterfield, in the language of the Supreme Court, 'Cannot describe a machine which will perform a certain function, and then claim the function itself, and all other machines that may be invented to perform the same function.' And that is just what Butterfield has attempted to do. * * *

"In Corning v. Burden, 15 How. 252, 14 L. Ed. 683, the Supreme Court held that 'all that he, the patentee, invented in fact was a machine for the more perfect manufacture of such pulleys. The operation or function of such machine, however, is not patentable as a process.'

"And in Risdon Locomotive Works v. Medart, 158 U. S. 68, 15 S. Ct. 745, 751, 39 L. Ed. 899, the same court said:

" 'Medart may or may not have been entitled to a patent for the machinery employed in the manufacture of the belt pulleys in question, but he certainly was not entitled to a patent for the function of such machine.'

"What plaintiff invented, if anything, was a machine that speeded up the manufacture of folding paper boxes. He claims that the principal feature of this machine is the device that folds the flaps while the blank is being moved forward without pause, and that this feature is a novel process. This, defendant denies, and claims that under certain British patents the same feature was used long before the patent in this case issued. I do not deem it necessary to decide this question, and in my opinion, even if plaintiff's claim is true, all that plaintiff invented was a machine or parts of a machine upon which he may have been entitled to a patent, but, under the authorities, he did not discover or invent a new and patentable process or method.

" 'A valid patent cannot be obtained for a process which involves nothing more than the operation of a piece of mechanism, or in other words, for the function of a machine.' Risdon Locomotive Works v. Medart, 158 U. S. 68 at page 77, 15 S. Ct. 745, 748, 39 L. Ed. 899. * * *

"Process Patent No. 1,461,967, is invalid for the reason that it does not describe a pattentable process."

We agree with the views thus expressed by Judge Slick and add the following to meet appellant's argument in this Court.

The steps of the process claim (conceding they were sufficiently definite to support appellant's argument in its behalf) were limited to the successive "mechanical transactions" of the machine which was itself covered by the patent issued on the same day as the process patent and upon identical specifications. No step of any of the process claims was new nor was there novelty in the order or the number of said steps nor in the product that resulted therefrom. The steps were individually and collectively the acts—that is, the operations—of the machine, and as described. were limited to the machine covered by the patent. Under such circumstances there is no valid basis for support of the process patent.

It is the lack of novelty in the steps or in their combined use that defeats validity rather than the use of a machine to perform an act which constitutes a step in the process claim. The act which is one of the successive steps of a valid process claim may be performed by a machine as well as by a hand. But if all such acts are but the successive functions of the machine covered by a simultaneously granted patent, then the claims of such process patent are invalid. This is the situation which is presented in the instant appeal.

The decree is

Affirmed.