## CENTURY BUILDING & LOAN ASS'N et al.
### v. WICKERSHAM et ux.
#### No. 7431.

Circuit Court of Appeals, Fifth Circuit.
March 1, 1935.

Rehearing Denied March 27, 1935.

R. G. Scurry, of Dallas, Tex., for appellants.

C. A. Matthaei, of Dallas, Tex., Harold H. Malone, of Wichita, Kan., and A. L. Reed, of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellees, G. H. Wickersham and his wife, brought this suit in equity against the Century Building & Loan Association, to rescind the purchase of certain shares of stock of said corporation, on the ground of fraud in their issue, to recover the amount paid for them, and for the appointment of a receiver. Shults, appellant, was appointed temporary receiver. Subsequently, in a suit in a state court, brought by the state of Texas, Shults was appointed receiver to liquidate the company. By supplemental bill, Shults was made a party defendant in this case. Judgment was entered in favor of appellees against the company and the receiver. This appeal followed.

Appellees have moved to dismiss the appeal on the following grounds: (1) That the "bill of exceptions" was not filed and approved within the term of court at which the judgment was rendered or within a proper extension; (2) that the record was not filed in this court within 30 days after citation was waived and the appeal was allowed.

An appeal in equity does not require a bill of exceptions as that term is known in suits at law. An appeal in equity comes up on the whole record, prepared as provided in Equity Rule 75 (28 USCA § 723). That rule was complied with in this case. The trial judge is not limited to the term in which judgment is entered or an extension thereof, in approving the statement of evidence in an equity case. Barber Asphalt

Paving Co. v. Standard Asphalt & Rubber Co., 275 U. S. 372-385, 48 S. Ct. 183, 72 L. Ed. 318. Our rule 14 provides that appeals are returnable and the transcript must be filed in not exceeding 30 days from the date of signing the citation, unless the time is extended. This applies to the time for filing the original transcript made up in the District Court, not the record subsequently printed. The original transcript was filed well within the limit, although the printed record was not. The motion to dismiss is denied.

The record is not very satisfactory, but it supports the following conclusions as to the material facts: The Century Building & Loan Association was incorporated in 1928 under the laws of Texas to do a general building and loan association business in Dallas. It did considerable legitimate business, and its operations were supervised by the banking department of Texas. Frank A. Loftus was president and general manager and in complete charge of the office and operations of the company. He was authorized to sell and issue certificates of stock, to be signed by himself as president, and R. G. Scurry, as secretary. Between January 20 and April 13, 1931, appellees purchased stock in the company through correspondence with Loftus, and sent him checks aggregating $6,000. Loftus had the custody and control of the regular stock certificate book, and for his own purposes had a duplicate book printed. In return for the money paid him by appellees he sent them five stock certificates taken from the duplicate book, signed by himself, but with the signature of Scurry forged. Purported dividends equaling $160 were sent appellees by Loftus. In June, 1933, the directors of the company were advised by a representative of the state banking department that the affairs of the company were being mismanaged by Loftus. Up to that time they had implicit confidence in the honesty and ability of Loftus and no intimation of his irregularities. The directors held a special meeting, revoked all of Loftus' authority, and ordered an audit of the company's books. In December, 1931, it was decided to liquidate the company, and that proceeding was started, under the supervision of the state banking department. Appellees were advised of this action by a circular letter addressed to all the stockholders under date of December 31, 1931. In August, 1933, appellants filed this suit. Valid stock to the extent of $146,500 had been issued and entered on the books of

the company. Spurious stock to the extent of $78,300 was sold by Loftus and did not appear on the records of the company. Loftus converted the money paid for this to his own use, and none of it went into the coffers of the company. The value of the assets in the hands of the receiver is $129,000. It is not shown whether there are any unpaid creditors or how much spurious stock is still extant. It may be assumed it does not exceed the amount of stock that could be lawfully issued.

We will not attempt to review and reconcile the numerous authorities cited by both parties. None of them is controlling, and the issues presented may be decided on equitable grounds.

■ Loftus was the accredited agent of the company for the sale of its stock, and was so held out to the public. Appellees purchased stock through him in good faith and paid for it. His embezzlement was of the money of the company. Appellees are entitled to have their contract completed by the company, and it is therefore estopped to question the validity of the certificates issued by Loftus. Manhattan Beach Co. v. Harned (C. C.) 27 F. 484; Weniger v. Success Mining Co. (C. C. A.) 227 F. 548.

■ Conceding, arguendo, that if the company were a going concern appellees would be entitled to judgment rescinding the sale and awarding them full recovery, conditions were changed by the appointment of the receiver to liquidate the corporation. It is well settled that the property of an insolvent corporation in the hands of a receiver is a trust fund for the benefit of all creditors and stockholders in their turn and individual creditors or stockholders may not obtain an advantage by attachment or execution levied upon it. Thompson, Corporations (3d Ed.) § 3428. Graham v. Railroad Co., 102 U. S. 148-161, 26 L. Ed. 106; Potts v. Wallace, 146 U. S. 689, 13 S. Ct. 196, 36 L. Ed. 1135; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113.

■■ Appellees are not entitled to have the fund in the hands of the receiver impressed with a special trust in their favor, as no part of the money paid in by them entered into it. The equities of appellees are certainly not greater than the equities of those who bought stock legitimately issued and whose payments form part of the assets of the company which constitutes the trust fund held by the receiver. It is apparent

that the fund is not sufficient to pay legitimate stockholders in full, to say nothing of creditors. The most that appellees are entitled to is to be classed as bona fide stockholders and as such entitled to share pro rata in the distribution of the funds in the custody of the receiver.

Since the judgment appealed from is absolute in form and execution could be issued to enforce it, it is reversed. Judgment is now entered in favor of appellees, recognizing them as stockholders, entitled to participate pro rata with other stockholders in the distribution of the assets in the hands of the receiver, to be paid in due course of administration in the receivership proceedings. Costs of appeal to be divided equally.

Reversed and remanded.

PER CURIAM.

The motion to retax costs in the above numbered and entitled cause is denied.