### KELLY v. UNITED STATES et al.
### No. 7942.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1936.

HANEY, Circuit Judge, dissenting.

For prior opinion, see 83 F.(2d) 783, affirming In re Carlisle Packing Company (D.C.) 12 F.Supp. 11.

Ralph O. Olson, of Bellingham, Wash., and Stratton & Kane, of Seattle, Wash., for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Clarence E. Dawson, and Frank J. Ready, Jr., Sp. Assts. to Atty. Gen., and J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellees the United States and others.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant's petition for rehearing states that this court erred in failing to review the question presented and raised by appellant's specifications of error numbered I, II, and III; that this was the only question passed on by the District Court; and that the consideration thereof would not require an examination of the evidence. These specifications are as follows:

"I. The Court erred in holding that a decision of the Board of Tax Appeals is res adjudicata and binding upon the bankruptcy court, the said decision of the Board of Tax Appeals not having become final before the adjudication in bankruptcy.

"II. The Court erred in not holding that the Bankruptcy Court can review the final decision of the Board of Tax Appeals.

"III. The Court erred in disaffirming the order of the Special Referee and in not affirming the same for the reason that the claim of the United States Government disallowed by the said order of the said Special Referee is for taxes claimed to be due to the United States

and questions arising as to the amount or legality of any such taxes are properly heard and determined by the Court in Bankruptcy, and the Court in Bankruptcy has jurisdiction of all such questions, regardless of the ruling thereon by the Board of Tax Appeals."

■ The question which these specifications attempt to raise is whether the decision of the Board of Tax Appeals therein referred to was binding and conclusive on the District Court. No such question is presented by the record. The record does not indicate that appellee's claim was founded on any decision of the Board of Tax Appeals, or that it had been the subject of any such decision, or that any such decision was pleaded, proved, or otherwise brought to the attention of the District Court, or that the District Court considered or determined the effect of any such decision. The judgment appealed from reads as follows:

"The above matter having come on before the Court upon the petition of the United States for review of the order of the Special Referee dated December 31, 1934, denying the claim filed by the Collector of Internal Revenue for the Collection District of Washington, acting for the United States Government, for $20,515.52 plus interest at 6% per annum from January 12, 1934, to date paid, on account of income tax liabilities because of asserted deficiencies for the fiscal years ended November 30, 1927, November 30, 1928, and November 30, 1929, and the Court on April 22, 1935, having filed his written memorandum decision upon the review of the Special Referee's order, and this matter, upon written notice to the parties, having been noted for hearing this 6th day of May, 1935, it is hereby

"Ordered, adjudged and decreed that the Special Referee's said order be and is hereby disaffirmed, and that the said claim of the United States Government be, and is hereby allowed as a priority claim as provided by Section 3466 R.S. and Section 64 (a) of the Bankruptcy Act, as amended, against the estate of the Carlisle Packing Company, a corporation, bankrupt, in the sum of $20,515.52, plus interest from January 12, 1934, at the rate of 6% per annum until paid, and that the said claim be paid."

■ There is no reference to any decision of the Board of Tax Appeals. References to and a purported copy of such a decision are found in a so-called abstract of record of proceedings had before the referee, filed here as a part of the transcript, but this so-called abstract is not certified by the referee or otherwise authenticated, and is no part of the record on appeal. We do not and cannot know that the proceedings described in the abstract actually occurred. Whether the hearing before the District Court was on evidence taken by the referee and by him certified to the District Court, or on independent evidence taken by the District Court, cannot be ascertained from the record. As stated in our former opinion, the evidence on which the District Court acted was not brought into the record, and is not before us.

■ Further references to a decision of the Board of Tax Appeals are found in the District Court's memorandum opinion, which, though not included in the transcript as originally filed, was, by stipulation of the parties, printed as a part thereof. It is, however, well settled that the trial court's opinion is no part of the record on appeal. Mutual Reserve Fund Life Ass'n v. Du Bois (C.C.A.9) 85 F. 586, 589.

■ Appellant suggests that, if a statement of the evidence is deemed necessary, the record should be returned to the District Court for the settlement and authentication of such a statement, citing in support of his suggestion Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318. In that case, the transcript contained a statement of the evidence, properly authenticated (275 U.S. 372, 378, 48 S.Ct. 183, 72 L.Ed. 318), but the evidence was not condensed and put in narrative form, as required by Equity Rule 75, 28 U.S. C.A. following section 723. The Supreme Court directed that the transcript be remitted to the District Court, in order that these formal defects in the statement might be corrected. Here there is no statement nor anything purporting to be a statement of the evidence. There is, therefore, nothing to be corrected.

Petition denied.

HANEY, Circuit Judge (dissenting).

In the majority opinion, reference is made to the abstract of record of proceedings had before the referee, and it is said: "We do not and cannot know

that the proceedings described in the abstract actually occurred."

Both parties in the briefs have made arguments based on the transcript which includes the abstract specified. Neither party raised the point on which the opinion was based. The point took its origin from the bench without suggestion from or reference to either party, and in the face of extended argument and voluminous briefs based upon the statement of evidence contained in the abstract.

In Sommer v. Rotary Lift Co. (C. C.A.9) 66 F.(2d) 809, in an equity appeal, there was no statement of evidence whatever, yet the court ordered the submission to be vacated, and a supplemental transcript to be filed containing a statement of the evidence. I think that we might well follow Sommer v. Rotary Lift Co., supra, and thereby avoid a diversity of decisions even in our own circuit.

I adhere to my former opinion, that the omission of authentication should be corrected, and therefore dissent from the majority opinion denying the petition for rehearing.