## FOOTE BROS. GEAR & MACHINE CORPORATION v. NATIONAL LABOR RELATIONS BOARD.

### No. 7088.

Circuit Court of Appeals, Seventh Circuit.

June 18, 1941.

Geo. B. Christensen and Grier D. Patterson, both of Chicago, Ill., for petitioner.

Robert B. Watts and Malcolm F. Halliday, National Labor Relations Board, both of Washington, D. C., and I. S. Dorfman, of Chicago, Ill., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This case was before this court on a previous occasion and for its disposition then, see 114 F.2d 611.

On certiorari, that judgment was reversed, 311 U.S. 620, 61 S.Ct. 318, 85 L. Ed. ——, decided December 9, 1940, because the statement of the evidence upon which the petition of the Foote Bros. Gear & Machine Corporation was based, was in narrative form. The Supreme Court reversed our judgment and directed that the case be remanded " * * * to determine the questions presented upon the record as certified by the National Labor Relations Board." Section 10(e), National Labor Relations Act, 29 U.S.C.A. § 160(e).

The case has since been reargued and this time upon the record presented by the Board, which evidence is in question and answer form.

We were, on the previous hearing, merely following the rule of the Supreme Court, announced in Barber Asphalt Co. v. Standard Asphalt Co., 275 U.S. 372, 48 S.Ct. 183, 187, 72 L.Ed. 318, wherein it was said:

"The transcript shows that in fact no part of the evidence was condensed or put in narrative form, and also that as to nearly all of the testimony there was no occasion for reproducing it in the words of the witnesses. Had the rule been complied with, the evidence would have been reduced in volume two-thirds or more; and had this work been done at the outset the charge for printing would have been proportionally less * * *. One object of the rule is to eliminate immaterial and redundant matter, and to effect such a condensation and statement of what remains as will simplify and facilitate the task of counsel in presenting, and of the court in determining, questions turning on the evidence. Here the requirement looking to the attainment of that object was wholly neglected. * * * It [this error] consists of a total failure to observe an important regulation in a matter of substance. Nor is it harmless. It makes the case difficult of presentation by counsel, and materially augments the task of examination and decision by the court. Repetition of it in other cases would soon congest the dockets of the appellate courts. To condone such an error is not, we think, within the purpose of the statute."

While there is no discussion of the question, we take it from concession of counsel, that the Supreme Court reversed the judgment in this case solely because of the record which failed to present the evidence in question and answer form. As we understand the holding, failure of the employer to present the evidence in question and answer form is fatal to our jurisdiction and this is so even where there is co-pending a counter petition by the N. L. R. B. for enforcement of its order, supported by a record, certified by the Board, and set forth in question and answer form. In other words, the rule announced in Barber Asphalt Co. v. Standard Asphalt Co., 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318, does not prevail in labor cases, where exactly the opposite practice must be followed.

On the reargument in this court, counsel were asked to state the differences in the two records, the one presented by the Board—in question and answer form—and one presented by the employer—in narrative form. The court was informed by the counsel for the employer that there was no difference, save in length and in repetitions. Counsel for the Board said he was unable to say as he had made no comparison of the two records. We have found no substantial difference. In other words, the record before us is the same as it was on the previous appeal, except for its greater length and many repetitions.

It would serve no useful purpose to restate the position of the opposing counsel or of our conclusions respecting their arguments. We appreciated, on the previous hearing, that the case was not free from doubt—the doubt being over the existence of some evidence to support a finding contrary to the great weight of the evidence. In short, the doubt was over the existence of any substantial evidence to support the findings made by the examiner and approved by the Board.

The benefit of the reargument and of reconsideration of the case is not to be ignored. We have also had the benefit of the discussion of the Court in the case of National Labor Relations Board v. Link-Belt Company, 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368. In fact, the reargument was very much the same as on the first hearing, save as the decision in the Link-Belt Company case was repeatedly and emphatically brought to our attention. While that case is a direct authority to the effect that findings of the Board on conflicting evidence must be accepted by us (a ruling which this court as well as all other circuit courts of appeal have consistently followed) it does not relieve us of the duty to examine the

evidence to ascertain the existence of substantial evidence to support the finding of the Board. True, it is, the Supreme Court there reached a conclusion different from what we did. It found substantial evidence to support the Board's finding. We were of the opposite view. This difference of opinion on facts shown in one record does not relieve us of a duty to study the evidence in each case where the question is raised, and to draw *our* conclusions therefrom, even though an easier course would be to merely inquire into the sufficiency of the findings to support the order of the Board.

Our conclusion is the same as that reached on the previous trial.

The petition of the Board for an enforcement order is denied.