## INTERSTATE FOLDING BOX CO. v. EMPIRE BOX CORPORATION.

### No. 261.

District Court, N. D. Indiana, South Bend Division.

Jan. 21, 1933.

Allen & Allen, of Cincinnati, Ohio, Hood & Hahn, of Indianapolis, Ind., and George Oltsch, of South Bend, Ind., for plaintiff.

Paul, Paul & Moore, of Minneapolis, Minn., Chindahl, Parker & Carlson, of Chicago, Ill., and Louis M. Hammerschmidt, of South Bend, Ind., for defendant.

SLICK, District Judge.

This is a suit for infringement of patent No. 1,461,967, a process patent. The original bill charged infringement of several claims of patent No. 1,461,966, issued for a machine. The two patents, one on a machine and one for a process, were issued simultaneously. The machine patent, No. 1,461,966, has been dismissed out of the case, leaving only the process patent in issue.

Defendant claims this patent is invalid and void for the reason that it does not set up a patentable process, but only statements of a function of the automatic machine covered by patent No. 1,461,966. The titles of the two patents, one for process and one for a machine, are identical, except for the use of the word "machine" in 1,461,966, and "process" in 1,461,967.

The patent in issue is process patent No. 1,461,967, issued to Charles Butterfield July 17, 1923, and belongs to plaintiff. The finished box that Butterfield describes is old and known to the trade as a paper box scored diagonally, which has been made for a long time either by hand or by the use of machines which folded the cardboard on the diagonal scores and produced the exact same box. Butterfield does not claim an improved box, but he does claim that the boxes are produced more rapidly than before because certain folds are made while the blank is progressing on the machine. This is an improvement in the automatic machine, not in the process.

Butterfield, in the language of the Supreme Court, "Cannot describe a machine which will perform a certain function, and then claim the function itself, and all other

machines that may be invented to perform the same function." Corning v. Burden, 15 How. 252, 269, 14 L. Ed. 683. And that is just what Butterfield has attempted to do.

 The Supreme Court has settled beyond peradventure that a "mere function" of a machine is not patentable. Expanded Metal Co. v. Bradford, 214 U. S. 366, 29 S. Ct. 652, 53 L. Ed. 1034.

In Corning v. Burden, 15 How. 252, 14 L. Ed. 683, the Supreme Court held that all that he, the patentee, invented in fact was a machine for the more perfect manufacture of such pulleys. The operation or function of such machine, however, is not patentable as a process.

And in Risdon Locomotive Works v. Medart, 158 U. S. 68, 15 S. Ct. 745, 751, 39 L. Ed. 899, the same court said: "Medart may or may not have been entitled to a patent for the machinery employed in the manufacture of the belt pulleys in question, but he certainly was not entitled to a patent for the function of such machine."

What plaintiff invented, if anything, was a machine that speeded up the manufacture of folding paper boxes. He claims that the principal feature of this machine is the device that folds the flaps while the blank is being moved forward without pause, and that this feature is a novel process. This, defendant denies, and claims that under certain British patents the same feature was used long before the patent in this case issued. I do not deem it necessary to decide this question, and in my opinion, even if plaintiff's claim is true, all that plaintiff invented was a machine or parts of a machine upon which he may have been entitled to a patent, but, under the authorities, he did not discover or invent a new and patentable process or method.

"A valid patent cannot be obtained for a process which involves nothing more than the operation of a piece of mechanism, or, in other words, for the function of a machine." Risdon Locomotive Works v. Medart, 158 U. S. 68 at page 77, 15 S. Ct. 745, 748, 39 L. Ed. 899.

 In my opinion, all that plaintiff claims is a mechanism that folds the flaps while the blank is moving forward without pause, and thus speeds up production; so that his invention was nothing more nor less than a mechanism for more perfect production of boxes from scored blanks.

Process patent No. 1,461,967, is invalid for the reason that it does not describe a patentable process.

This opinion shall stand as a sufficient finding of facts and conclusions of law thereon under Equity Rule 70½ (28 USCA § 723).