## ROBINSON v. KAY.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4537.

1. Bankruptcy ⟢172 — Foreclosure sale of realty held not invalidated by filing of involuntary petition in bankruptcy against mortgagor between date of publishing notice of foreclosure sale and date of sale.

A foreclosure sale of realty in territory of Hawaii, which was begun in conformity with the statute of the territory and the power of sale contained in the mortgage, and in all respects valid, *held* not invalidated by filing of involuntary petition in bankruptcy against mortgagor between date of publishing notice of foreclosure sale and date of sale.

2. Bankruptcy ⟢210—Jurisdiction of court of bankruptcy to enjoin foreclosure sale is given by statute.

Jurisdiction of court of bankruptcy to enjoin foreclosure sale is given by statute, and does not depend on validity or invalidity of contemplated transfer.

3. Bankruptcy ⟢172 — Foreclosure sale of realty, if valid, was not rendered invalid by fact that mortgagee purchased to save himself from loss, or to protect his inferior lien.

Foreclosure sale of realty, if valid, was not rendered invalid, as against mortgagor's trustee in bankruptcy, by fact that mortgagee purchased to save himself from loss, or to protect his inferior lien.

4. Bankruptcy ⟢172 — Mortgagee, purchasing realty on valid foreclosure sale, is entitled to profits arising from resale.

A mortgagee, who purchased property at valid foreclosure sale in his own right, with his own funds, is entitled to whatever profits arise from a resale of the property, as against trustee of mortgagor's bankrupt estate.

5. Judgment ⟢297—Court, failing to retain or reserve jurisdiction to modify personal decree in event of its nonsatisfaction, is without jurisdiction to make any substantial change in decree to prejudice of any party thereto.

A court, which in rendering a personal decree does not reserve or retain jurisdiction to modify the decree in the event of its nonsatisfaction, has no jurisdiction to make any substantial change in the decree to the prejudice of any party to it.

6. Appeal and error ⟢323(2)—Decree affecting two defendants held not joint, but personal one against one defendant, thereby dispensing with necessity of making both defendants parties to appeal of one defendant.

In a suit by a trustee in bankruptcy against two defendants, R. and W., seeking a vacation of foreclosure by R. and a sale thereafter had to W., or a personal decree against R. for difference between amount received on resale and amount of several liens against property, with interest and costs, a decree confirming the two sales "upon the execution of this decree," and discharging W. from liability, without costs,

"upon the execution of this decree," but not reserving or retaining jurisdiction to change or modify the decree in the event of its nonsatisfaction, *held* not joint decree, but personal one against R., thereby dispensing with necessity of making W. a party to R.'s appeal from the decree.

Appeal from the District Court of the United States for the Territory of Hawaii; J. T. De Bolt, Judge.

Suit by Harold T. Kay, as trustee in bankruptcy of Charles G. Bockus, against Allen C. Robinson and another. From an adverse decree, defendant Robinson appeals. On motion to dismiss appeal. Motion to dismiss denied, and decree reversed, with directions to dismiss petition.

On and prior to December 16, 1922, one Bockus was the owner and in possession of certain real property in the territory of Hawaii. The property at that time was incumbered by four mortgages and a lien for taxes, aggregating in all the sum of approximately $34,000. The statute of Hawaii provides that, when a power of sale is contained in a mortgage, the mortgagee, or any person having his estate therein, or authorized by such power to act in the premises, may, upon a breach of the condition, give notice of his intention to foreclose the mortgage by publication of such notice in the English language once in each of three successive weeks, the first publication to be not less than 28 days before the day of sale, in a newspaper published either in the county in which the mortgaged property lies, or in Honolulu, and having a circulation in such county, and also give such notices and do all such acts as are authorized or required by the power contained in the mortgage.

On November 10, 1922, the holder of the first mortgage instituted proceedings to foreclose his mortgage under this statute, and gave the notices prescribed by law, fixing December 16, 1922, as the day of sale. December 6, 1922, an involuntary petition in bankruptcy was filed against Bockus, the mortgagor. December 16, 1922, the foreclosure sale took place, pursuant to the notices, and the appellant, Robinson, who was likewise the owner of the fourth mortgage, became the purchaser for the sum of approximately $30,000. Authority of the bankruptcy court to make the sale was neither sought nor obtained. All of the petitioning creditors and at least a portion of the other creditors had notice of the proposed sale, but neither they nor any other person took steps to prevent or postpone the sale, either in or out of court.

7 F.(2d)—37

Whether the appellant had notice of the filing of the involuntary petition does not appear, but such notice will perhaps be imputed to him. Adjudication followed the filing of the involuntary petition on December 28, and on April 6, 1923, a trustee in bankruptcy was appointed. Thereafter the appellant sold the property acquired under the foreclosure sale to one Worrall for the sum of $41,000. The present suit was thereafter instituted by the trustee in bankruptcy against Robinson and Worrall, and the relief sought was either a decree vacating the two sales, or a personal decree against Robinson for the difference between the amount received on the resale and the amount of the several liens against the property, with interest and costs. The court below confirmed the two sales, upon the execution of the decree, and awarded a personal decree against Robinson for the sum of $2,613.19, with interest from June 2, 1923. The decree discharged the purchaser, Worrall, from all liability upon the execution of the decree. From this decree the defendant Robinson has appealed.

Frear, Prosser, Anderson & Marx and W. F. Frear, all of Honolulu, Hawaii, for appellant.

Arthur Withington, of Honolulu, Hawaii, for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] It is conceded that the foreclosure sale was made in conformity with the statute of the territory and the power of sale contained in the mortgage, and was in all respects valid, unless invalidated by the mere filing of the involuntary petition in bankruptcy against the mortgagor between the date of publishing the notice of sale and the date of sale. The appellee contends that the mortgaged property was in custodia legis from and after the filing of the involuntary petition; that the filing of that petition was a caveat to all the world, and in effect an attachment and injunction; and that the sale thereafter made was null and void. With this broad contention we are unable to agree. With an exception to be hereafter noted, the facts in the present case are identical with the facts in Hiscock v. Varick Bank of New York, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945. There certain insurance policies, pledged as collateral security to secure the payment of an indebtedness to the bank, were sold by the bank, pursuant to the laws of New York and a pow-

er of sale contained in the pledge agreement, after the filing of an involuntary petition in bankruptcy against the pledgor and the day before the adjudication, and in upholding the sale the Supreme Court said:

"According to the terms of the Bankruptcy Act, the title of the bankrupt is vested in the trustee by operation of law as of the date of the adjudication. Act 1898, § 70, a, e. By the act of 1867, it was provided that as soon as an assignee was appointed and qualified the judge or register should, by instrument, assign or convey to him all of the property of the bankrupt, and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to such· estate, both real and personal, in the assignee. But section 70a of the act of 1898 omits the provision that the trustee's title 'shall relate back to the commencement of the proceedings in bankruptcy,' and explicitly states that it shall vest 'as of the date he was adjudicated a bankrupt.' When the petition in the present case was filed, the bank had a valid lien upon these policies for the payment of its debt. The contracts under which they were pledged were valid and enforceable under the laws of New York, where the debt was incurred and the lien created. The Bankruptcy Act did not attempt by any of its provisions to deprive a lienor of any remedy which the law of the state vested him with; on the other hand, it provided (section 67d): 'Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act.'"

And in Re North Star Ice & Coal Co., 252 F. 301, Mr. Justice Sanford, then District Judge, said:

"Under section 70 of the Bankruptcy Act (Comp. St. 1916, § 9654), the trustee is vested only with the bankrupt's title to property. Hence where the bankrupt's property is subject to a mortgage or other incumbrances, the trustee takes only the bankrupt's equity therein, subject to such incumbrances; and since, under section 67 of the act (Comp. St. 1916, § 9651), the validity of the pre-existing liens is not affected, the lienholder, unless restrained by the order of the bankruptcy court, may enforce the same dehors the court. Ward v. Bank of Ironton (6th Circ.) 202 F. 609, 612, 120 C. C. A. 655; Re Goldsmith (D C.) 118 F. 763, 767; Coll. Bankcy. (11th Ed.) 1050, 1051. Neverthe-

less the bankruptcy court may in the interest of general creditors regulate the method of enforcing such lien in order to realize as much as possible from the bankrupt's equity."

The appellee attempts to distinguish the case at bar from the Hiscock Case on the ground that the property involved in the latter was personal property in the possession of the pledgee, whereas the property here involved was real property in the possession of the bankrupt. True, this distinction does exist; but we think it equally true that the difference or distinction was not made the basis for the decision. The decision of the Supreme Court was based upon the broad ground that a valid lien given by the local law, and the means provided for its enforcement by the local law and by the agreement of the parties, are not impaired or taken away by the mere filing of an involuntary petition in bankruptcy. See also, In re Rathman, 183 F. 913, 924, 106 C. C. A. 253; In re Locust Bldg. Co. (C. C. A.) 299 F. 756, 768; First Trust Co. v. Baylor, 1 F.(2d) 24; In re Smith (D. C.) 3 F.(2d) 40.

[2] We are not here concerned with the power or jurisdiction of a court of bankruptcy to enjoin such sales, as that jurisdiction is given by statute, and does not depend upon the validity or invalidity of the contemplated transfer. Indeed, if such sales are absolute nullities, there would be little necessity for invoking the jurisdiction of the bankruptcy court to stop them, especially where real property is involved.

[3, 4] Reference has been made to the fact that the appellant purchased the property at the foreclosure sale reluctantly, to protect his own lien, and to save himself harmless as far as possible. But, if the sale was valid, the mere fact that the appellant made the purchase to save himself from loss, or to protect an inferior lien, is immaterial. He purchased the property in his own right, with his own funds, and is entitled to whatever profits may arise from a resale.

[5, 6] The appellee has moved to dismiss the appeal upon the ground that respondent Worrall was not made a party thereto, and the appellant has interposed a countermotion to join the other respondent in the appeal, if deemed necessary. If the decree in question were a joint one, it would be necessary for us to pursue either the one course or the other; but, in our opinion, the decree in question is not joint. It is merely a personal decree against the appellant for the payment of money only. The two sales

were confirmed "upon the execution of this decree," and the respondent Worrall was discharged from liability, without costs, "upon the execution of this decree"; but the court did not reserve or retain jurisdiction to change or modify the decree in the event that the personal decree was not satisfied, and in the absence of such a reservation it would have no jurisdiction to make any material or substantial change in the decree, to the prejudice of any of the parties. The decree was therefore to all intents and purposes a personal one against the appellant, and the other respondent is not a necessary party to the appeal.

The motion to dismiss is denied, and the decree is reversed, with directions to dismiss the petition.