**KELLY v. UNITED STATES et al.** *
No. 7942.

Circuit Court of Appeals, Ninth Circuit.

May 5, 1936.

HANEY, Circuit Judge, dissenting.

———◇———

Ralph O. Olson, of Bellingham, Wash., and Stratton & Kane, of Seattle, Wash., for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Clarence E. Dawson, and Frank J. Ready, Jr., Sp. Assts. to Atty. Gen., and J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellees the United States and others.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment allowing appellee's claim of $20,515.52, with interest, against the estate of Carlisle Packing Company, a corporation, bankrupt. The appeal is taken under section 25a of the Bankruptcy Act, as amended, 11 U.S. C.A. § 48 (a), which provides: "Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States * * * in the following cases, to wit: * * * (3) From a judgment allowing or rejecting a debt or claim of $500 or over."

The assignments of error raise questions the consideration of which would require an examination of the evidence. The evidence was not brought into the record and is not before us. General Order in Bankruptcy No. 36, as amended, 288 U.S.

632, 11 U.S.C.A. following section 53, provides: "Appeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in equity in' courts of the United States."

Equity Rule 75 (b), as amended, 286 U. S. 570, 28 U.S.C.A. following section 723, provides: "The evidence to be included in the record * * * shall be stated in simple and condensed form. * * * The duty of so condensing and stating the evidence shall rest primarily on the appellant, who shall prepare his statement thereof and lodge the same in the clerk's office * * * at or before the time of filing his præcipe. * * * He shall also notify the other parties or their solicitors of such lodgment and shall name a time and place when he will ask the court or judge to approve the statement. * * * At the expiration of the time named or such further time as the court or judge may allow, the statement, together with any objections made or amendments proposed by any party, shall be presented to the court or the judge, and if the statement be true, complete and properly prepared, it shall be approved by the court or judge, and if it be not true, complete or properly prepared, it shall be made so under the direction of the court or judge and shall then be approved. When approved, it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal."

Equity Rule 77, 226 U.S. 672, 28 U.S. C.A. following section 723, provides: "When the questions presented by an appeal can be determined by the appellate court without an examination of all the pleadings and evidence, the parties, with the approval of the District Court or the judge thereof, may prepare and sign a statement of the case showing how the questions arose and were decided in the district court and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by the appellate court. Such statement, when filed in the office of the clerk of the District Court, shall be treated as superseding, for the purposes of the appeal, all parts of the record other than the decree from which the appeal is taken, and, together with such decree, shall be copied and certified to the appellate court as the record on appeal."

Appellant has not complied with either of these rules, but has disregarded them both. There is no statement of the evidence, nor is there any agreed statement of the case. In the absence of any such statement, we indulge the presumption that the evidence supports the judgment and warrants its affirmance. Oriole Phonograph Co. v. Kansas City Fabric Products Co. (C.C.A.8) 34 F.(2d) 400, 401; Interstate Folding Box Co. v. Empire Box Corp. (C.C.A.7) 68 F.(2d) 500. See, also, Title & Trust Co. v. Wernich (C.C.A.9) 68 F.(2d) 811, 812, 814.

Judgment affirmed.

HANEY, Circuit Judge (dissenting).

I dissent. In the consideration of causes on appeal, I think a decision upon the merits is desirable, where possible, and that it should be made, upon questions submitted by the parties.

The record before us contains a statement of evidence treated by both of the parties as true and correct. Its form appears to be sufficient; its veracity is questioned by neither party; it undoubtedly is improperly authenticated.

This being a proceeding in bankruptcy, the Equity Rules promulgated by the Supreme Court are applicable, and the power of the trial court to approve the statement of evidence is not limited by the expiration of the term at which the order was entered. Struett v. Hill (C.C.A.9) 269 F. 247; Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 275 U.S. 372, 385, 48 S.Ct. 183, 72 L.Ed. 318.

Pursuant to the provisions of Equity Rule 76, this court should direct the trial court to correct the omission in certification with respect to the statement of evidence by a supplemental transcript.