**HEFFRON v. WESTERN LOAN &
BUILDING CO.***

No. 7652.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1936.

*Rehearing denied Aug. 17, 1936.

M. L. Rabbitt and Lawrence M. Cahill, both of Los Angeles, Cal., for appellant.

James C. Ingebretsen, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal taken pursuant to section 24a of the Bankruptcy Act, as amended (11 U.S.C.A. § 47(a) by the trustee in bankruptcy of the Crown Investment Company from an order of the District Court which confirmed a challenged order of the referee in bankruptcy. The orders of the referee and the court, here assailed, decreed that the bankrupt had no title or interest in certain described real estate, and that such real estate was not subject to administration in the estate of the bankrupt.

On June 15, 1933, an involuntary petition in bankruptcy was filed in the District Court against the Crown Investment Company. Adjudication and the qualification of a trustee followed in due time. On October 14, 1933, the appellee, Western Loan & Building Company, filed with the referee a petition for an order and an order to show cause, the petition setting forth that William I. Heffron, the trustee in bankruptcy of the Crown Investment Company, hereinafter called the trustee, asserted or might assert an interest in and to real property in the city of Los Angeles known as the Crescent Heights tract; further reciting that by deed of trust recorded on August 16, 1930, the then owner of Crescent Heights tract had conveyed the same to a trustee in favor of the appellee as beneficiary to secure a promissory note executed by the owner to the appellee. It was then set out that default was made in the obligations of the note for which the deed of trust had been given as security, said default consisting of failure of the makers of the note and deed of trust to pay the October, 1932, installment of principal and interest on the note and failure to pay every monthly installment thereafter falling due; that by reason of such default, and in accordance with the terms of the trust and the law of California, appellee duly recorded, on January 18, 1933, a notice of breach and election to sell the property; that, after the expiration of the required 90-day period, proper notices of trustee's sale of the property were posted and advertised; and that on June 16, 1933 (one day after the filing of the petition in bankruptcy), the property was sold by the trustee under the trust deed, and bought in by appellee Western Loan & Building Company.

The prayer of the petition was for an order to the trustee to show cause why it should not be decreed that the bankrupt, Crown Investment Company and the trustee in bankruptcy had no right, title, interest, or equity in and to the described real property.

The order to show cause was issued, and the matter came on for a hearing before the referee, at which time the petition was amended to make the building and loan commissioner of the state of California a coparty petitioner with the appellee, inasmuch as the commissioner was claimed to be in control and supervision of appellee at the time. At the hearing before the referee, the trustee informally objected to the referee's jurisdiction on the ground that the petition for order to show cause did not sufficiently plead the foreclosure of the lien created by the trust deed. After argument on this and other points, the matter was put over for further hearing.

In the course of time the matter was duly submitted to the referee, who, on January 9, 1934, made his order decreeing that the trustee in bankruptcy and the bankrupt estate had no title, interest, or equity in and to the Crescent Heights tract, and that the said property constituted no part of the assets of the bankrupt estate. Thereafter the trustee filed a petition in the District Court to review the referee's order, and the matter duly came on for a hearing before the District Judge, who, after argument and submission of the cause, entered the court's order approving and confirming that of the referee. This appeal followed.

The vital question on this appeal is raised by the contention of the trustee in bankruptcy, urged both in the proceedings below and in this court, that the sale of the Crescent Heights tract under the deed of trust, having been consummated after the filing of the petition in bankruptcy, was a nullity and was incapable of vesting any interest in the property in the purchaser,

Western Loan & Building Company, the appellee herein. It is the trustee's claim that, immediately upon the filing of the petition, the entire estate of the bankrupt passes into the control of the bankruptcy court, and that any disposition of the estate, such as a private trustee's sale, had otherwise than under the order or supervision of the bankruptcy court, is void.

The appellee, on the other hand, points out that its lien on Crescent Heights tract, having been acquired by deed of trust more than four months prior to the commencement of bankruptcy proceedings, is not affected by such proceedings. Bankruptcy Act §§ 67d, 67e, as amended (11 U. S.C.A. § 107 (d), (e). Hence, it is argued, the trustee's sale resulted in a valid conveyance of the property to the purchaser, regardless of the beginning of bankruptcy proceedings.

We are of the opinion that the sale under the trust deed was valid, that the bankrupt estate has no interest in the Crescent Heights tract, and that therefore the order of the District Judge should be affirmed.

It is true, as the trustee contends, that, upon the filing of a petition in bankruptcy, all property in which the bankrupt has or may claim an interest passes under the control of the bankruptcy court and, upon adjudication, title to all property of the bankrupt vests in the trustee as of the day of the filing of the petition. Gross v. Irving Trust Co., 289 U.S. 342, 344, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645. The jurisdiction of the court is not limited to the administration of property which belongs without question to the bankrupt; it extends to the determination of questions of title. Ex parte Baldwin, 291 U. S. 610, 616, 54 S.Ct. 551, 78 L.Ed. 1020.

While valid liens created more than four months prior to the filing of the petition are declared by section 67 of the Bankruptcy Act to be unaffected by bankruptcy proceedings, such liens nevertheless may be subjected to administration by the court and their validity and enforcement determined and carried out by the court. To this end the bankruptcy court may enjoin proceedings in other courts affecting the property, or may enjoin a mere nonjudicial satisfaction of a valid lien by private sale. Isaacs Tie & Timber Co., supra; Title & Trust Co. v. Wernich (C.C A.-9) 68 F.(2d) 811, 812; Allebach v. Thomas (C.C.A.-4) 16 F.(2d) 853, 855, certiorari denied 274 U.S. 744, 47 S.Ct. 590, 71 L.Ed. 1325.

But it is equally well settled that, in the absence of factors requiring interference, a court of bankruptcy will not disturb the foreclosure of a lien by nonjudicial action when such foreclosure is in accord with the agreement of the lienor and lienee. In Hiscock v. Varick Bank, 206 U. S. 28, 27 S.Ct. 681, 51 L.Ed. 945, the bankrupt, more than two years before the filing of the petition, had pledged to the defendant bank certain personalty. The contract of pledge gave the pledgee power of private sale if default were made in the secured obligation. After the petition in bankruptcy was filed, but before adjudication, the bank, in pursuance to the pledge contract, delivered the security to an auctioneer to be sold at public auction, and itself bought in the property. Thereupon the trustee in bankruptcy moved the court to order the bank to resell the securities and place them at the disposition of the court. The Supreme Court held that the sale was a valid one and should not be disturbed. It was said (206 U.S. 28, at page 37, 27 S.Ct. 681, 684, 51 L.Ed. 945): "The contracts of pledge were made, executed, and to be performed in the state of New York, and the rights of the parties were governed by the law of that state. No preference under the bankruptcy act was alleged or proved, nor was there any allegation or proof that the pledge of the securities was in fraud of the rights of the creditors or trustee. The questions of the extent and validity of the pledge were local questions."

The court's decision in the Hiscock Case may have been partially grounded upon an interpretation of the current bankruptcy act, inasmuch as the court pointed out (206 U.S. 28, 40, 27 S.Ct. 681, 51 L. Ed. 945) that title to the property of the bankrupt passed to the trustee as of the date of adjudication, an event taking place in that case as in the one before us, subsequent to the foreclosure of the lien. Since the 1910 amendments to the Bankruptcy Act, at least, it has been held that the title of the trustee relates back to the filing of the petition. Isaacs v. Hobbs Tie & Timber Co., supra; Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208. Bankruptcy Act §§ 47, 70, as amended (11 U.S.C.A. §§ 75, 110).

■ However, the opinion in Hiscock v. Varick Bank gives no indication that the holding was to be limited to a situation where the private foreclosure of a lien took place prior to the time when the trustee succeeded to the title of the bankrupt by relation back or otherwise. Manifestly, the mere fact that the bankrupt's property comes into custodia legis, or that title passes to the trustee, does not ipso facto void a subsequent foreclosure of a lien against the property. The point is settled to the contrary in this court by the case of Robinson v. Kay, 7 F.(2d) 576, 578, which applied the doctrine of Hiscock v. Varick Bank to a mortgage of real estate with power of private sale. The sale was made after the commencement of bankruptcy proceedings, but before adjudication. An action by the trustee in bankruptcy to have the sale set aside was decided adversely to the trustee on the authority of the Hiscock Case.

■ It is, of course, an incident of the bankruptcy court's jurisdiction that such private sales are those in the Hiscock and Robinson Cases and in the case before us may in such circumstances be enjoined before made or set aside after completion in the discretion of the bankruptcy court. The sale may have been fraudulent or possess the characteristics of a preference. Again, the court may force the creditor-lienee to pursue his lien in the bankruptcy proceedings rather than aliunde, inasmuch as a greater equity in the property may be preserved in this manner for the general estate. But these are matters for the discretion of the court. Title & Trust Co. v. Wernich, supra; Allebach v. Thomas, supra. The trustee in this case has urged no particular factors militating against the particular trustee's sale sought to be voided, but bases his argument entirely upon the contention that, once a petition in bankruptcy has been filed, a sale dehors the bankruptcy proceedings is utterly void. As we have shown, this contention is refuted by the holdings of this court and the Supreme Court.

The trustee concedes the effect we have given to the holdings in the Hiscock and Robinson Cases, but claims these decisions are overruled by Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645. In the Isaacs Case, a mortgage foreclosure suit was brought in a court other than the bankruptcy tribunal after adjudication of bankruptcy and after the referee had entered an order that the mortgaged property be sold under the jurisdiction of the bankruptcy court. The Supreme Court held that the court in which the foreclosure proceedings were instituted had no jurisdiction to deal with the property, saying (282 U.S. 734, at page 738, 51 S.Ct. 270, 272, 75 L.Ed. 645): "Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. * * * The exercise of this function necessarily forbids interference with it by foreclosure proceedings in other courts, which, save for the bankruptcy proceeding, would be competent to that end."

The facts of the Isaacs Case are so different from those before us that it is obvious without discussion that the holding there does not overrule the Hiscock and Robinson Cases. Nor does the quoted language avail the trustee in this appeal. When the Supreme Court said, "It is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation," it was obviously speaking of the jurisdiction of a court of bankruptcy as opposed to a contemporaneously asserted jurisdiction of another court, not of a private sale carried out in accordance with the agreement of the parties.

The later case of Straton v. New, 283 U.S. 318, 321, 323, 51 S.Ct. 465, 75 L.Ed. 1060, is a refutation of the notion that any proceedings in foreclosure of a lien had otherwise than under the aegis of the court of bankruptcy and after the beginning of bankruptcy proceedings is, merely because of those circumstances, void. In that case a lien had been obtained by judicial process upon certain real property of the bankrupt more than four months before the filing of the petition. The court wherein the lien-creating judgment had been rendered had ordered a commissioners' sale of the property to satisfy the lien. Thereafter bankruptcy proceedings were instituted, and it was sought to enjoin the commissioners' sale. The Supreme Court held that, inasmuch as the lien matured in due time prior to the bankruptcy action, the proposed sale should not be disturbed.

In the recent case of Continental Illinois Nat. Bank & Trust Co. v. Rock Is-

land Ry., 294 U.S. 648, 675, 677, 55 S.Ct. 595, 79 L.Ed. 1110, it was held that a District Court in which a railroad reorganization was being carried out under section 77 of the Bankruptcy Act (11 U. S.C.A. § 205) had the authority to enjoin the private sale of collateral security dehors the reorganization proceedings. It was there said (294 U.S. 648, at page 677, 55 S.Ct. 595, 606, 79 L.Ed. 1110): "It may be, as suggested, that during the period of restraint the collateral will decline in value; but the same may be said in respect of an injunction against the sale of real estate upon foreclosure of a mortgage; and such an injunction may issue in an ordinary proceeding in bankruptcy. * * * A claim that injurious consequences will result to the pledgee or the mortgagee may not, of course, be disregarded by the district court; but it presents a question addressed not to the power of the court but to its discretion—a matter not subject to the interference of an appellate court unless such discretion be improvidently exercised."

■ Plainly, if a bankruptcy court may, in its discretion, enjoin or refuse to enjoin private sales, such sales cannot be considered a nullity by the mere fact that the estate is in bankruptcy.

We conclude that the sale under the trust deed was not, for the reasons given, void.

■ Two minor assignments of error remain to be noticed. The trustee claims that the petition for order to show cause does not sufficiently plead the terms of the deed of trust instrument and the acts done by the appellee in bringing about a sale of the same. This assignment is not well taken. In bankruptcy proceedings, pleading papers are held to only an informal standard of recitation. Continental Illinois Nat. Bank & Trust Co. v. Rock Island Ry., supra, 294 U.S. 648, 681, 55 S.Ct. 595, 79 L.Ed. 1110. Furthermore, we are unable to discern any defect in the petition even when judged by the standards of a formal complaint. The trust instrument is well pleaded according to legal effect, and the ultimate facts as to the steps taken to foreclose the trustor's interest are fully recited.

Lastly, it is urged that the bankrupt estate is being deprived of any interest or possible equity in the Crescent Heights property on a mere summary proceeding; no evidence having been offered on the merits of the issue by either side. The trustee in bankruptcy, it is claimed, might have produced proof that the trust deed was, for some reason not apparent, invalid; or that the condition of the estate was such as to make it advisable to put the lienee to its remedy in the bankruptcy proceedings and not aliunde. It may be said that neither in the record nor in the briefs is it disclosed what fact or facts, if any, the trustee might have proved but did not.

■ This assignment of error is without merit. The papers certified to the District Court by the referee were the petition for order, the order to show cause, the petition to review referee's order, and two minor papers not material here. In addition, there is a transcript of some of the proceedings had before the referee, consisting merely of colloquy between the referee and counsel. Assuming this last is properly before us, these papers, together with the referee's final order and decree and the decree and memorandum opinion of the District Court, constitute the entire record which has been presented to us for appeal. There is nothing in it which gives any indication that all the proceedings before the referee or the court have been included therein. For aught that appears, hearings were had and evidence taken on all phases material to the case. As against a claimed lack of evidence, which lack does not appear from the record, we must indulge the presumption that the District Court correctly decided all issues before it which might depend upon the factual evidence. In re Silverstein (C.C.A.-9) 35 F.(2d) 497, 499.

Affirmed.