## ANDERSON v. ODISHO.*
### No. 8300.

Circuit Court of Appeals, Ninth Circuit.
May 25, 1937.

Charles Anderson, of Los Angeles, Cal., in pro. per.

Griffin & Boone and Edward T. Taylor, all of Modesto, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

HANEY, Circuit Judge.

This cause was submitted on November 30, 1936. On February 15, 1937, we ordered the submission vacated and granted

*Rehearing denied July 19, 1937.

leave to appellant to file a supplemental transcript, giving the following reasons: "The condition of the record at the present time is such that there is no question presented for review. Appeal is taken from an order which is not included in the record. Exceptions to the report of the special master are included, but the report is not. Without the latter, the former aids us little. Evidence included in the transcript is not certified by the lower court. All of these defects may be cured by supplemental transcript." Since that time a supplemental transcript has been filed, in which is included the report of the special master, and the order appealed from, but the evidence has not been authenticated.

From the report mentioned it appears that appellant and his wife recovered a judgment against the bankrupt and her son for $5,500, on a cause of action arising out of a collision of appellant's car with one being driven by the bankrupt's son; that bankrupt was held liable because she had signed her son's application for a driver's license.

The bankrupt filed a petition in voluntary bankruptcy on March 28, 1935. The order of adjudication does not appear in the record, but the report mentioned states that adjudication occurred on March 29, 1935. The record does not include appellant's claim, but the same report states that appellant "is the sole creditor whose claim has been filed." The petition for discharge is not included in the record, but it appears from the report and the order appealed from that the bankrupt did in fact petition for a discharge.

Appellant opposed the discharge on two grounds: (1) That the bankrupt had transferred and concealed personal property with intent to hinder, delay, and defraud her creditors; (2) that the bankrupt was not entitled to the homestead upon her ranch for the reason that there were two dwellings thereon and that she had fraudulently concealed this fact in her declaration of homestead and that same was done with intent to hinder, delay, or defraud her creditors.

11 U.S.C.A. § 32(b) specifies what is sufficient to bar a discharge. So far as here material a discharge must be granted, unless the bankrupt has " * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition, transferred, removed,

destroyed, or concealed or permitted to be removed, destroyed, or concealed any of his property, with intent to hinder, delay, or defraud his creditors; * * * or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

The referee and special master found that "none of the charges set forth in the objections to the discharge have been sustained," and that "there was no showing that she concealed any assets or had failed to explain satisfactorily any losses of assets or deficiencies of assets." He concluded that the bankrupt was entitled to a discharge.

Appellant filed exceptions to the report. The bankruptcy court confirmed the report and granted the discharge. Appeal was taken from the order thus made.

The assignment of errors is so indefinite and vague, and erroneous in that it apparently raises questions wholly beside the issue, that we asked specifically for a supplemental brief "stating in what respects the order appealed from is alleged to be erroneous, with a summarized statement of the reasons." The supplemental brief filed is no remedy to the situation. We are relaxing the rules regarding definiteness of the assignments in this case, because appellant appears in propria persona and as the master reported "is apparently of foreign extraction and does not understand English very well and speaks quite brokenly." So far as we can understand the questions raised by the assignments, they raise but two questions: (1) Is the evidence sufficient to support the finding of the master; and (2) is the declaration of homestead sufficient as a matter of law to show that the bankrupt concealed assets with intent to hinder, delay or defraud his creditors?

■ With respect to the questions based on the sufficiency of the evidence, we can consider none of them, because there is no evidence before us. The evidence contained in the transcript is not approved or authenticated by either the master or the trial court. Under such circumstances the evidence cannot be considered. Kelly v. United States (C.C.A.9) 83 F.(2d) 783, 784, and cases cited, on rehearing (C.C.A.) 84 F.(2d) 541, reversed for another reason February 1, 1937, 300 U.S. 50, 57 S.Ct. 335, 81 L.Ed. ——. We afforded fair opportunity to appellant to correct the error, but he has chosen to disregard it. We do not feel warranted in further postponing decision.

■ There remains for consideration the sole point of law regarding the homestead. It appears from the report that the property in question consists of two contiguous lots, each containing about 10 acres. On one lot there were situated a large dwelling house and a barn, which lot was unencumbered. On the other lot was situated a small dwelling house, which was subject to an outstanding mortgage of approximately $1,100. The two lots "were treated as a whole in the homestead declaration." The declaration referred to is apparently the one provided in section 1262 of the California Civil Code.

Civil Code of California, § 1237, provides: "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided."

Section 1260 provides in part:

"Homesteads may be selected and claimed:

"1. Of not exceeding five thousand dollars in value by any head of a family."

The master found that the bankrupt was actually residing in the large dwelling house at the time of the homestead declaration; that both lots did not exceed $5000 in value; and "that the whole premises were necessary for the convenient use and occupation thereof by the bankrupt."

Appellant contends that a homestead cannot consist of two dwellings, and therefore the bankrupt concealed assets. Assuming, without deciding, that appellant's contention is correct, that fact alone is insufficient to bar a discharge. Under 11 U.S.C.A. § 32(b) (4), a discharge must be granted here, unless the bankrupt has concealed assets "with intent to hinder, delay, or defraud his creditors." We are unable to say that merely because a person claims property in a homestead declaration, such an intent is shown. The existence of such an intent might be shown by other evidence. The master found that there was no such intent in this case. Inasmuch as the evidence is not properly before us, we are unable to review that finding.

■ There also appears in the transcript a petition of the attorneys for the bankrupt for allowance of fees in the amount of $350. Appellant objected thereto, and contends that the amount is too large. The transcript

contains no order in relation to that petition, or anything which shows whether that issue has ever been decided. There is considerable doubt as to whether we have any jurisdiction in regard to that matter, because no appeal was taken pursuant to 11 U.S.C.A. § 47(b). However, assuming, without deciding, that the appeal taken is sufficient to raise the question, no question is in fact raised because there is no order in the record to review.

Affirmed.