## In re LONG ISLAND PROPERTIES, Inc.

### No. 79060.

District Court, S. D. New York.

Dec. 19, 1941.

For prior opinion see 40 F.Supp. 611.

Leo E. Sherman, of New York City, for John R. Blair and another.

David W. Kahn, of New York City, for Mast Corporation.

Albert B. Caspers, of New York City (Richard K. Gregory, of New York City, of counsel), for trustee.

RIFKIND, District Judge.

On motion for reargument.

Mast Corporation, a creditor of the debtor corporation, heretofore moved for a con-

tempt order against John R. Blair Co., another creditor, and John R. Blair, its president, for an alleged violation of an order of this Court dated July 15, 1941, staying a certain foreclosure proceeding pending in the Supreme Court of the State of New York, in which the aforesaid Mast Corporation was plaintiff and the debtor one of the defendants. The motion was denied. The opinion is reported at 40 F.Supp. 611, 614.

Mast Corporation does not seek reconsideration of that decision; it does request the elimination from the opinion of the words: "That judgment [of foreclosure, entered in the New York Supreme Court on July 17, 1941] is void and of no legal effect".

In support of its motion for reargument, Mast Corporation has brought to the attention of the court, by affidavit, additional facts not heretofore disclosed because it did not apprehend that the validity of the judgment was questioned. The relevant facts may be chronicled in the order of their occurrence:

December 14, 1940—The debtor executed a mortgage on its real property to the assignor of Mast Corporation;

June 18, 1941—to foreclose its mortgage by reason of defaults, Mast Corporation instituted proceedings in the New York Supreme Court;

July 3, 1941—an involuntary petition for the reorganization of the debtor under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed in this Court;

July 15, 1941—on application ex parte, of one of the petitioning creditors, this Court made an order temporarily staying the foreclosure proceeding until the approval or dismissal of the petition;

July 16, 1941—a copy of the aforesaid order was mailed to Mast Corporation;

July 17, 1941—the aforesaid order was entered on the docket of this Court, (whether before or after the other events occurring on this day, is unknown);

July 17, 1941—a judgment of foreclosure was entered in the state court proceeding at 11:22 A. M.;

July 17, 1941—a copy of the stay order was received by Mast Corporation by mail, but it is claimed that the envelope containing it was not opened until after 11:22 A. M.;

August 5, 1941—the petition for the reorganization of the debtor was approved and a trustee appointed.

At the outset it should be stated that we are not here concerned with the question whether the action of Mast Corporation in causing the judgment of foreclosure to be entered on July 17, 1941, constitutes a contempt. The only question presented is whether the trustee holds the realty of the debtor subject to a judgment of foreclosure or whether the status quo of July 15, 1941 is maintained.

■ Prior to the enactment of the Chandler Act, it was well established that the mere filing of a petition in Bankruptcy or reorganization did not interfere with the power of a state court to continue a pending foreclosure. Eyster v. Gaff et al., 1875, 91 U.S. 521, 524, 23 L.Ed. 403; In re Greenlie-Halliday Co., 2 Cir., 1932, 57 F.2d 173; Heffron v. Western Loan and Building Co., 9 Cir., 1936, 84 F.2d 301, 112 A.L.R. 501; In re Murel Holding Corp., 2 Cir., 1935, 75 F.2d 941; Coney Island Hotel Corp. v. Van Schaick, 2 Cir., 1935, 76 F.2d 126.

There is nothing in the Chandler Act which expressly modifies that rule; to the contrary, there is implicit in the carefully designed scheme of that Act a legislative intent to confirm that rule. Thus, by Section 113, 11 U.S.C.A. § 513, prior to the approval of the petition, a temporary stay of a mortgage foreclosure may be had only upon cause shown, effective until the petition is approved or dismissed. By Section 116(4), 11 U.S.C.A. § 516(4), upon the approval of the petition, a proceeding to enforce a lien against the debtor's property may be stayed until final decree. By Section 148, 11 U.S.C.A. § 548, the order approving the petition operates as a stay of a mortgage foreclosure until otherwise ordered.

■ In the presence of these provisions of the statute, it is impossible to stretch the meaning of Section 111, 11 U.S.C.A. § 511, to embrace an automatic stay of a mortgage foreclosure immediately upon filing of the petition.

■ It follows that the mere filing of a petition for reorganization on July 3, 1941, did not deprive the state court of its power to proceed with the foreclosure. On July 15, 1941, two days before the foreclosure judgment was entered, the power to stay, conferred by Section 113, was exercised.

In the original opinion, effect was given to that order by declaring the subsequently entered state court judgment ineffective. Mast Corporation contends, however, that the facts now produced call for a different conclusion. It argues that by Rule 54, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the temporary stay of July 15, 1941, is a "judgment"; [see General Order 37, 11 U.S.C.A. following section 53, making the Federal Rules of Civil Procedure applicable to bankruptcy, in so far as they are not inconsistent with the Bankruptcy Act or with the General Orders] and that by Rule 58 a judgment is not effective before entry thereof upon the docket established under Rule 79(a). Since the stay order was not noted upon the court's docket until July 17, 1941, and since we are not to presume that such notation occurred before the entry of the state court judgment (In re Gubelman, 2 Cir., 1925, 10 F.2d 926, 930), it is asserted that the judgment of foreclosure is in full force and effect.

It is unnecessary to consider whether the "civil docket" prescribed by Rule 79(a) applies to bankruptcy since the argument of Mast Corporation is invalidated by another flaw. The ex parte stay order of July 15, 1941, is not a judgment under Rule 54 for the reason that only appealable orders are by definition included in the term judgment. The order of July 15, 1941 is not appealable. Western Union Telegraph Co. v. United States & M. T. Co., 8 Cir., 1915, 221 F. 545, 553; McGonigle v. Foutch, 8 Cir., 1931, 51 F.2d 455, 460; Remington on Bankruptcy, 5th Edition, paragraphs 3766–3769.

Orders to show cause, granted ex parte, frequently contain temporary stays. Such orders are not docketed until after service; they are nonetheless effective when served. In the case at bar the order was served when it was mailed on July 16, Rule 5(b), F.R.C.P.; that this rule is applicable to bankruptcy, see In re Hewitt Grocery Co., D.C.Conn., 1940, 33 F.Supp. 493.

The order was, therefore, effective not later than July 16th.

The trustee, appointed on August 5, 1941, takes title which relates back to the time of the filing of the petition. Bankruptcy Act, Sections 186, 44, 70, 11 U.S.C.A. §§ 586, 72, 110. In re Hotel Martin Co., 2 Cir., 1936, 83 F.2d 231.

Since the entry of the judgment in the state court was violative of the order of the bankruptcy court, it was without potency in the bankruptcy proceedings to confer any ascendancy upon Mast Corporation over other creditors. The judgment was not binding upon the trustee. The title he obtained to the debtor's estate was free of such judgment.

The motion to reargue is granted. Upon such reargument, the opinion is modified as herein indicated and the original decision is adhered to.